J-S30043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SOKOUR ARMOUR | |
| Appellant | No. 3451 EDA 2013 |

Appeal from the Judgment of Sentence June 20, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012008-2011
CP-51-CR-0012012-2011
CP-51-CR-0012013-2011

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED JUNE 8, 2015**

Appellant Sokour Armour appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his convictions for attempted murder, persons not to possess firearms, burglary, aggravated assault, and simple assault.[1]  After careful review, we affirm.

The trial court accurately sets forth the relevant facts of this appeal as follows:

> On September 14, 2011, at 5063 Parrish Street in Philadelphia, [Appellant] became engaged in an argument with the complainant, Angelick Hyman, the mother of his six year old son.  Appellant, who had accused the

---

[1] 18 Pa.C.S. §§ 901 (2502), 6105, 3502, 2702, and 2701, respectively.

complainant of cheating on him, also complained that he wanted to transfer her children to another school. When Ms. Hyman stated that she would think about it, [Appellant] became enraged and punched her twice with a closed fist in her left eye causing a small bruise. Ms. Hyman's 14 year old daughter called the police. Police officers arrived at the property - however [Appellant] fled through the back of the premises upon their arrival. Following this incident, the complainant obtained a protection from abuse order from Family Court at 34 South 11th Street with reference to [Appellant]. This order was served upon [Appellant] and remained active on September 20, 2011, the date relevant to the two remaining cases.

On September 20, 2011, at approximately 10:15 a.m., [Appellant] went to the home of the complainant, Ms. Hyman, at 1214 West Susquehanna Avenue, where she was residing with her son, Michael Wright, who is also a complainant. [Appellant] began banging on the door and front window. After telling her son not to let [Appellant] in, Ms. Hyman went upstairs to call the police. [Appellant] punched out the first floor window of the home and entered the property with a gun in his hand. He proceeded directly up to the second floor rear bedroom, kicked open the door, straddled Ms. Hyman with his legs on her stomach and began to pistol whip her. [Ms. Hyman's] son, Michael Wright, came upstairs with a baseball bat and hit [Appellant] in the back, in an effort to get him off of his mother. In response, [Appellant] turned around, fired his weapon twice, shooting the complainant, Michael Wright, in the face. Following this, the complainant, Michael Wright, crawled out of the home and collapsed on a street corner, bleeding from his face. Medics responded and were able to transport him to Temple University Hospital. As a result of being shot, a bullet entered the side of the complainant's nostril, went through the top part of his jaw, through his tongue, and ended up lodged in the bottom portion of his jaw. Consequently, he had to undergo reconstructive surgery for his jaw in addition to dental work to repair his injuries.

Trial Court Opinion, filed June 30, 2014, at 2-3 (citations to the record omitted).

On May 21, 2012, after completing written and oral colloquies, Appellant pled guilty to attempted murder, persons not to possess firearms, burglary, aggravated assault, and simple assault. On May 31, 2012, Appellant filed a motion to withdraw his guilty plea.[2] The court conducted hearings on the motion on December 14, 2012 and March 18, 2013. The court then denied the motion.

On June 20, 2013, the court sentenced Appellant to consecutive sentences of 20-40 years' incarceration for attempted murder, 10-20 years' incarceration for burglary, 5-10 years' incarceration for aggravated assault, 5-10 years' incarceration for persons not to possess firearms and 1-2 years' incarceration for simple assault, resulting in an aggregate sentence of 41-82 years' incarceration.

On July 9, 2013, Appellant filed a post-sentence motion challenging the court's decision to deny his motion to withdraw his guilty plea.[3] On

_____

[2] On May 31, 2012, Appellant's mother filed a letter on his behalf requesting the court to grant Appellant the right to change his plea from "guilty" to "not guilty." The court treated this letter as Appellant's motion to withdraw his guilty plea.

[3] On July 2, 2013, the court granted Appellant's motion to file post-sentence motions out of time, and enlarged the time period in which he could file a timely post-sentence motion by 60 days.

November 6, 2013, Appellant's post-sentence motion was denied by operation of law. On November 27, 2013, Appellant timely filed a notice of appeal.[4] On December 12, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 25 days of the order. Appellant timely complied on January 6, 2014.

Appellant raises the following issue for our review:

> WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN DENYING [APPELLANT'S] MOTION TO WITHDRAW GUILTY PLEA ON MARCH 18, 2013 WHERE THE FOLLOWING FACTS AND CIRCUMSTANCES EXISTED, NAMELY —
>
> 1. [APPELLANT'S] MOTION TO WITHDRAW GUILTY PLEA WAS BOTH FILED AND HEARD BY THE LOWER COURT PRIOR TO SENTENCING;
>
> 2. [APPELLANT] ASSERTED HIS INNOCENCE AS PART OF HIS MOTION TO WITHDRAW GUILTY PLEA; AND
>
> 3. [APPELLANT] WAS NOT MADE AWARE PRIOR TO THE TIME THAT HE ENTERED HIS GUILTY PLEA THAT HIS THEN DEFENSE COUNSEL, GEOFFREY SEAY, ESQUIRE, SUFFERED A CONFLICT OF INTEREST IN REPRESENTING APPELLANT DUE TO THE FACT THAT MR. SEAY'S FATHER[,] ATTORNEY, HARRY SEAY, ESQUIRE, WHO WAS A MEMBER OF GEOFFREY SEAY, ESQUIRE'S LAW FIRM AT ALL TIMES RELEVANT HERETO, HAD PREVIOUSLY REPRESENTED THE

---

[4] The appeal was timely because it was filed within 30 days of the entry of the order denying Appellant's timely post-sentence motion by operation of law. *See **Commonwealth v. Green***, 862 A.2d 613, 618 (Pa.Super.2004), *appeal denied*, 882 A.2d 477 (Pa.2005); Pa.R.Crim.P. 720(A)(2)(b).

> COMPLAINANT AGAINST [APPELLANT], ONE ANGELICK HYMAN, IN A SEPARATE ATTEMPTED MURDER CASE[?]

Appellant's Brief at 4.

In his sole issue, consisting of three sub-parts, Appellant challenges the court's decision to deny his motion to withdraw his guilty plea. Appellant argues that because he asserted his innocence in a motion to withdraw his guilty plea before the court imposed sentence, the court should have granted his motion. Further, he claims that he only entered into the plea due to the ineffective assistance of his counsel, who he alleges had a conflict of interest because counsel's father had previously represented one of Appellant's victims. Appellant concludes that he did not enter into the guilty plea knowingly, intelligently, and voluntarily, and the court abused its discretion by denying his motion to withdraw it. We disagree.

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa.Super.2013) (quoting *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa.Super.2010), *appeal denied*, 9 A.3d 626 (Pa.2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." *Id.* (quoting *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa.Super.1998)).

No absolute right to withdraw a plea exists. ***Commonwealth v. Flick***, 802 A.2d 620, 623 (Pa.Super.2002). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." ***Commonwealth v. Bedell****,* 954 A.2d 1209, 1212 (Pa.Super.2008).

For a guilty plea to be constitutionally valid, the defendant must knowingly, intelligently, and voluntarily enter the plea; otherwise, a manifest injustice has occurred. ***See Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super.2002) ("Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily."); ***Commonwealth v. Fluharty***, 632 A.2d 312, 314 (Pa.Super.1993) ("In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences."). "Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea." ***Commonwealth v. Moser***, 921 A.2d 526, 529 (Pa.Super.2007).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa.Super.2005), *appeal denied,* 887 A.2d

1241 (Pa.2005); Comment to Pa.R.Crim.P. 590(A)(2). A written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Morrison*, 878 A.2d at 108 (*citing* Comment to Pa.R.Crim.P. 590). Even if "there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Fluharty*, 632 A.2d at 315. The entry of a negotiated plea is a "strong indicator" of the voluntariness of the plea. *Commonwealth v. Meyers*, 642 A.2d 1103, 1106 (Pa.Super.1994). Further, "where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." *Moser*, 921 A.2d at 529.

Instantly, Appellant entered into an open guilty plea after he signed written colloquies and the court conducted an oral colloquy on the record. *See* N.T., 5/21/12, at 5-17. Appellant's counsel explained the nature of the charges against Appellant and the sentencing ranges, and the prosecutor set forth the factual basis of the plea. *Id.* at 14-28. Appellant's counsel apprised Appellant of his right to jury trial and his presumption of innocence.

*Id.* at 7-12. Further, in his written colloquies, which were made part of the record, Appellant acknowledged his understanding of the basis of the charges, the rights he was voluntarily waiving, and the fact that the court was not bound by the terms of any plea agreement unless it accepted a specific agreement. Thus, the plea was constitutionally valid. **See Hodges, supra; Fluharty, supra; Morrison, supra.**[5]

We next determine whether the trial court abused its discretion in denying Appellant's motion to withdraw his guilty plea before the imposition of sentence.

"Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made *before* sentencing … should be liberally allowed." **Commonwealth v. Unangst**, 71 A.3d 1017, 1020 (Pa.Super.2013) (quoting **Commonwealth v. Forbes**, 299 A.2d 268, 271 ([Pa.]1973) (emphasis in original)).

We employ the following standard of review in a challenge to a trial court's decision regarding a presentence motion to withdraw a guilty plea:

> "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a

---

[5] To the extent Appellant argues his plea was not knowing and voluntary due to his lawyer's conflict of interest and failure to properly prepare for trial, we note that claims of ineffective assistance of counsel are to be deferred to collateral review. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa.2013).

defendant shows any 'fair and just' reasons for withdrawing his plea absent 'substantial prejudice' to the Commonwealth." ***Commonwealth v. Pardo***, 35 A.3d 1222, 1227 (Pa.Super.2011) (quoting ***Commonwealth v. Prysock***, 972 A.2d 539, 541 (Pa.Super.2009); citing ***Commonwealth v. Anthony***, 475 A.2d 1303, 1308 ([Pa.]1984)). In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence. Pa.R.Crim.P. 591(A).

***Commonwealth v. Elia***, 83 A.3d 254, 261-62 (Pa.Super.2013), *appeal denied,* 94 A.3d 1007 (Pa.2014).

Thus,

in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds any fair and just reason, withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been substantially prejudiced. As a general rule, the mere articulation of innocence is a fair and just reason for the pre-sentence withdrawal of a guilty plea unless the Commonwealth has demonstrated that it would be substantially prejudiced.

***Commonwealth v. Prendes***, 97 A.3d 337, 351-52 (Pa.Super.2014) *appeal denied,* 105 A.3d 736 (Pa.2014) (internal quotation marks and citations omitted).

However, our jurisprudence has recognized that the denial of a pre-sentence motion to withdraw a guilty plea is proper "where the evidence before the court belies the reason offered." ***Commonwealth v. Tennison***, 969 A.2d 572, 578 (Pa.Super.2009) (citing ***Commonwealth v. Michael***, 755 A.2d 1274 (Pa.2000)). In ***Tennison***, the trial court denied a defendant's motion to withdraw his guilty plea because it did not believe the

defendant was genuinely asserting his innocence. *Id.* at 575. The defendant conditionally asserted his innocence, and his counsel stated that "there would be no motion to vacate a guilty plea in the event that [the defendant's pending Federal charge that could affect the defendant's sentence] is resolved…". *Id.* at 574. Although the defendant claimed innocence as the basis for his motion, the trial court found he was trying to get the best possible deal and did not believe the defendant's assertion of innocence. *Id.* at 575-76. This Court affirmed, reasoning:

> Statements made both by counsel and Appellant during proceedings undermined the credibility of the assertion of innocence made to the court. Under the specific facts of this case, therefore, we cannot hold the court erred as a matter of law when it determined the assertion was simply pretextual, and thus failed to provide a fair and just reason to set aside Appellant's guilty plea.

*Id.* at 578.

In *Tennison*, this Court held that a defendant does not always provide a "fair and just reason" to withdraw his plea prior to sentencing simply by asserting his innocence. *Tennison*, 969 A.2d at 573. Rather, "such an assertion does not divest a judge of discretion to weigh its sincerity according to the totality of circumstances known to the judge, and to deny the motion where…the motion is founded not upon a sincere assertion, but upon a desire to delay sentencing in one case in order to obtain a favorable sentence in another." *Id.*

In the instant case, Appellant filed a *pro se* motion to withdraw the guilty plea on the ground that he entered into the plea only because his counsel was not prepared to go to trial. The court convened hearings in which Appellant asserted his innocence, and the Commonwealth countered with evidence that Appellant indicated his willingness to accept a 7-20 year sentence if his motion to withdraw his guilty plea was granted. The court then reasoned:

> THE COURT: I'm going to deny [Appellant's] motion to withdraw the guilty plea. I don't believe [Appellant] has a sincere desire or motivation. It's not based on a sincere desire for a so-called fair trial. I believe he negotiated a sentence, and principally he wrote a letter to the prosecutor after the open plea saying I want a 7 to 20 year, and I will take it. That is not an assertion of innocence. That is an assertion of a negotiation for a sentence after a plea of guilty was entered into by the defendant, followed by, "Why would I take an open plea when I can get 7 to 20?" It's negotiated. It not an assertion of innocence. I believe [Appellant] is using this procedure to negotiate a sentence. For that reason, I believe that it is supported by the law. There is no absolute right, and the [**Tennison**] case indicates that there is no absolute right to withdraw a guilty plea. It has to be based on certain circumstances.

N.T., 3/18/13, at 12-13.

The trial court further reasoned:

> Considering the totality of the circumstances, this [c]ourt denied [Appellant's] [m]otion to [w]ithdraw his [g]uilty [p]lea. This [c]ourt found that [Appellant's] motion, in which he asserted his innocence, was nothing more than a mechanism by which he hoped to get a better deal. While the motion was pending, [Appellant] was actively engaged in an attempt to negotiate with the District Attorney's Office by stating that he would be willing to accept a 7-20

- 11 -

year sentence. These were hardly the actions of a man who was unequivocally asserting his innocence. Consequently, this [c]ourt did not find that [Appellant] had presented a fair and just reason to withdraw his plea.

Trial Court Opinion at 8-9.

Considering that there is no absolute right to withdraw a guilty plea, under the circumstances of this case, we see no abuse of discretion in the trial court's decision that Appellant's assertion of innocence was pretextual, and that he failed to present a fair and just reason to withdraw his plea.[6]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2015

---

[6] Because Appellant failed to present a fair and just reason to withdraw his plea, we need not determine whether the Commonwealth would have suffered substantial prejudice.