J-S28020-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY JIMEE PETE | |
| Appellant | No. 1223 WDA 2016 |

Appeal from the Judgment of Sentence March 16, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001994-2013

BEFORE:  OLSON, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                    FILED OCTOBER 04, 2017

Anthony Jimee Pete appeals from the March 16, 2015 judgment of
sentence entered in the Butler County Court of Common Pleas following his
guilty plea for statutory sexual assault, 18 Pa.C.S. § 3122.1(b).  We affirm.

The trial court set forth the history of this case:

> [O]n September 17, 2014, [Pete] entered a guilty plea to
> statutory sexual assault.  On January 21, 2015, the time
> set for sentencing, [Pete] informed the Court that he
> wished to withdraw his guilty plea.  A hearing was
> scheduled on March 16, 2015, during which [Pete]'s
> testimony and argument by the parties w[ere] presented
> to the Court.  The Court denied the motion to withdraw
> guilty plea and proceeded to sentence [Pete] on that
> date.[1]  On March 15, 2016, [Pete] filed a pro se Motion
> for Post Conviction Collateral Relief.  On March [22], 2016,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The court sentenced Pete to 42 to 144 months' incarceration.

the Court appointed PCRA counsel. On July 20, 2016, PCRA counsel filed an Amended Petition for Post-Conviction Relief requesting that [Pete]'s right to file a direct appeal from his judgment of sentence be reinstated nunc pro tunc. The Commonwealth consented to the reinstatement of [Pete]'s direct appellate rights. On July 22, 2016, the Court granted the relief and [Pete]'s right to file a direct appeal from his judgment of sentence was reinstated nunc pro tunc. On August 16, 2016, [Pete] filed [his] Notice of Appeal Nunc Pro Tunc.

1925(a) Opinion, 10/20/16, at 1.

Pete raises the following issue on appeal: "Whether the trial court erred in denying [his] pre-sentence Motion to Withdraw Guilty Plea[.]" Pete's Br. at 5. Pete's argument, however, is two-fold. First, Pete claims that the trial court should have allowed him to withdraw his guilty plea because he presented a fair and just reason for doing so. Second, Pete claims that his guilty plea was not knowing, voluntary, and intelligent.[2]

I.    Pre-Sentence Motion to Withdraw

"We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion." Commonwealth v. Islas, 156 A.3d 1185, 1187 (Pa.Super. 2017).

Pennsylvania Rule of Criminal Procedure 591(A) states that, "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, sua sponte, the withdrawal

_____

[2] Pete argues that there was a fair and just reason to withdraw his guilty plea because it was not knowingly, voluntarily and intelligently entered. However, any argument that he did not knowingly, voluntarily, and intelligently enter a plea attacks the validity of the plea itself.

of a plea of guilty or nolo contendere and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). The Pennsylvania Supreme Court has explained that while "there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing . . . should be liberally allowed." Commonwealth v. Forbes, 299 A.2d 268, 271 (Pa. 1973) (emphasis in original). Further, "[i]f the trial court finds 'any fair and just reason[,'] withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.'" Id.

To determine whether a defendant has presented a "fair and just reason," we must employ the standards set forth by our Supreme Court in Commonwealth v. Carrasquillo, 115 A.3d 1284 (Pa. 2015), and explained by this Court in Islas:

> First, the Court [in Carrasquillo] squarely rejected a per se approach in which any presentence motion to withdraw a guilty plea based on a claim of innocence must be granted. Second, nothing in Carrasquillo suggests that the Court intended the pendulum to swing fully in the other direction — from automatic grants to automatic denials of pre-sentence motions to withdraw. Indeed, the Court expressly reaffirmed the liberal-allowance language in Forbes, which continues to stand in sharp contrast to the "manifest injustice" standard for post-sentence motions to withdraw. Third, the Court directed trial courts to distinguish between "mere, bare, or non-colorable" assertions of innocence on the one hand and those that are "at least plausible" on the other. Fourth, as trial courts undertake the task of making that distinction, both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant. In addition, in his

concurring opinion in Carrasquillo, then-Justice Stevens added that trial courts assessing the credibility of an accused's assertion of innocence should also consider any "ulterior or illicit motive" for the motion to withdraw. Carrasquillo, 115 A.3d at 1293 (Stevens, J., concurring); accord Commonwealh v. Tennison, 969 A.2d 572, 573 (Pa.Super. 2009).

Islas, 156 A.3d at 1190-91 (internal footnote omitted).

Pete first contends that the trial court should have allowed him to withdraw his plea because he asserted his innocence at the hearing on his motion to withdraw. During the hearing, Pete stated that he was innocent, that he did not understand the implications of Megan's Law,[3] and that he had felt it would be better to take the plea at the time. N.T., 3/16/15, at 5.[4]

During the hearing on his motion to withdraw, Pete stated:

_____

[3] Pete does not argue in his brief that he did not understand the implication of Megan's Law; thus, he has abandoned this claim on appeal.

[4] Additionally, in his brief, Pete raises an additional claim that he had a defense of mistake of age. Pete argues that during the hearing "there was no discernible exploration into how [Pete] could be innocent of the crimes with which he was charged . . . . There was no questioning as to whether [Pete] had a viable defense to the charge." Pete's Br. at 18.

We note that Pete did not raise this claim at the hearing on the motion to withdraw. To the extent Pete is claiming that plea counsel was ineffective in not questioning him regarding possible defenses, we note that claims of ineffectiveness of counsel cannot be raised on direct appeal absent exceptional circumstances not present in this case. See Commonwealth v. Holmes, 79 A.3d 562, 576 (Pa. 2013) (holding that absent exceptional circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal").

Well, I would like to assert my innocence and take this to trial because I feel I just want to pursue my innocence. I didn't really understand the logis [sic] of the Megan's Law and I felt it would be better to take a plea at the time. But I know I have a chance. I'm willing to take it back.

N.T., 3/16/15, at 5. During cross-examination, the following exchange occurred:

[COMMONWEALTH]: Okay. Would it be correct to say at this point that you want to withdraw your plea in this case because of the Megan's Law implications, correct?

[PETE]: Well, part of it, yeah.

[COMMONWEALTH]: Well, part. What's the other part?

[PETE]: Well, part of it is because I didn't – I didn't rape anybody. That's not what I'm [sic] really want to plead guilty to.

[COMMONWEALTH]: Well, do you understand that you didn't plead guilty to raping anybody?

[PETE]: Yeah. But that's not what I understand the [sic] sexual assault though.

[COMMONWEALTH]: Do you understand that what you pled guilty to was statutory sexual assault?

[PETE]: Yes.

[COMMONWEALTH]: And that's not -- that's not rape?

[PETE]: It says it's forceable but that's what -- that's what I take from it. I just didn't like -- I don't know if it's the title or whatever, but I would rather just take what I get.

[COMMONWEALTH]: Take what you get with what?

[PETE]: Trial.

. . .

[COMMONWEALTH]: Okay. Now, just so I understand, what at this time is making you say that you want to withdraw that plea, just so I'm clear?

[PETE]: Because I am innocent.

[COMMONWEALTH]: You are saying that you didn't do that?

[PETE]: I am saying that I -- I did but it's not like how they are trying to portray it, how it happened. You see what I'm saying?

[COMMONWEALTH]: What you are admitting, what you are saying is that the sex occurred just not like how she said, is that correct?

[PETE]: Exactly. Yes.

[COMMONWEALTH]: Okay.

[PETE]: And that's what I would just like to actually try to get my story out. That's what's really bothering me because it's just --

[COMMONWEALTH]: So, you are admitting that you did have sex with her when you were 11 years older than she was, correct?

[PETE]: Yes.

[COMMONWEALTH]: And when you had sex with her, she was 15 years of age, correct?

[PETE]: Yes.

[COMMONWEALTH]: We're not arguing that, right?

[PETE]: No.

[COMMONWEALTH]: Okay. It's just the circumstances?

[PETE]: Yes.

Id. at 7-8, 9-10.

The Pennsylvania Supreme Court has concluded that a claim of innocence is not a "fair and just reason" to withdraw a guilty plea unless it is at least a plausible claim. In Commonwealth v. Hvizda, 116 A.3d 1103, 1104, 1107 (Pa. 2015), a companion case to Carrasquillo, the defendant

"stated he was innocent, but he offered no evidence." In contrast, the Commonwealth presented audiotapes of defendant's telephone conversations from prison in which he admitted to the murder and stated that he wanted a trial only to "get some of the story out." Id. at 1104. Our Supreme Court concluded that the defendant's claim of innocence amounted to a "bare assertion" of innocence. Id. at 1107.

Here, Pete admitted to having sex with the victim while the victim was 15 years old and he was 11 years older than she was. See N.T., 3/16/15, at 9-10. Pete merely disagreed with how "they are trying to portray that it . . . happened," and wanted to "just like to actually try to get my story out." Id. As in Hvizda, Pete's claim amounts to a bare assertion of innocence,[5] and does not meet the "at least plausible" standard set forth in Carrasquillo. See Carrasquillo, 115 A.3d at 1292. Therefore, we conclude that Pete has not presented a fair and just reason warranting withdrawal of his guilty plea. Accordingly, we need not reach the question whether the Commonwealth would have been substantially prejudiced by a withdrawal of the plea.

_____

[5] Further, as Pete admits in his brief, his claim of innocence made at the hearing to withdraw his guilty plea was "confusing." See Pete's Br. at 14 ("[Pete's] assertion of innocence was somewhat confusing at the hearing on his motion to withdraw . . . ."). During direct examination, Pete claimed that he was innocent, N.T., 3/16/15, at 5; however, during cross-examination, he admitted to the crime and stated that he just did not agree with the circumstances and wanted to "just like to actually try to get my story out." Id. at 9-10.

II.    Whether Guilty Plea was Knowing, Voluntary, and Intelligent

Next, we address Pete's claim that his guilty plea was not knowing, voluntary, and intelligent.    We have stated, "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing."  Commonwealth v. Lincoln, 72 A.3d 606, 609-10 (Pa.Super. 2013).  "Failure to employ either measure results in waiver."  Id. at 610.  The rationale behind this waiver principle is that

> "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed."  Commonwealth v. Roberts, 237 Pa.Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

Id.

Here, while Pete did make an oral motion to withdraw his plea, he failed to raise this particular claim with the trial court at any time during the motion to withdraw proceedings.  Pete now argues that "a plain reading of [his] questioning . . . shows that [he] was not, in fact, aware of the nature of the offense to which he pled guilty."  Pete's Br. at 19.  During the hearing on the motion to withdraw, however, Pete never stated that he was unaware

of the charge against him or that he did not understand the nature and elements of the crime. Accordingly, we conclude he has waived his claim.[6]

_____

[6] Even if Pete had not waived his claim, we would conclude that it lacks merit. The information filed against Pete listed the elements of statutory sexual assault. Further, Pete completed and signed a six-page written plea colloquy and orally acknowledged the terms of the agreement. N.T., 9/17/14, at 7-8. In the written colloquy, Pete initialed and signed that he understood the charges and that his attorney had briefed him on the elements. In addition, during the hearing on the motion to withdraw guilty plea, the following exchange occurred:

> [COMMONWEALTH]: Do you understand that what you pled guilty to was statutory sexual assault?
>
> [PETE]: Yes.
>
> . . .
>
> [COMMONWEALTH]: So, you are admitting that you did have sex with her when you were 11 years older than she was, correct?
>
> [PETE]: Yes.
>
> [COMMONWEALTH]: And when you had sex with her, she was 15 years of age, correct?
>
> [PETE]: Yes.
>
> [COMMONWEALTH]: We're not arguing that, right?
>
> [PETE]: No.

N.T., 3/16/15, at 7, 10.

Considering the totality of the circumstances, we conclude that Pete was aware of the nature of the offense and the elements of the crime. See Commonwealth v. Kpou, 153 A.3d 1020, 1023-24 (Pa.Super. 2016) (courts review the "totality of the circumstances" to determine whether a defendant entered a voluntary, intelligent, and knowing plea); see also
(Footnote Continued Next Page)

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2017

(Footnote Continued) ————————————

Commonwealth v. Pollard, 832 A.2d 517, 523 (Pa.Super. 2003) (law presumes that defendant who enters into plea is aware of what he or she is doing, and defendant bears burden of proving otherwise).