**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Blake TENNISON, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 9, 2007.
Filed March 25, 2009.

Henry W. Schober, Philadelphia, for appellant.

Priya M. Travassos, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, McCAFFERY *, and KELLY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after the Court denied Appellant's pre-sentence motion to withdraw his guilty plea. At issue is whether a defendant provides a "fair and just reason" to withdraw his plea prior to sentencing whenever he asserts his innocence. We hold such an assertion does not divest a judge of discretion to weigh its sincerity according to the totality of circumstances known to the judge, and to deny the motion where, as here, the motion is founded not upon a sincere assertion, but upon a desire to delay sentencing in one case in order to obtain a favorable sentence in another.

¶ 2 On January 13, 2005, Appellant entered a plea of guilty [1] to one count of burglary, and three pleas of no contest to two other burglary charges and a charge of theft of an automobile. At the first scheduled sentencing hearing of April 15, 2005, Appellant moved to continue sentencing approximately 30 to 45 days until after such time he was to enter a guilty plea and receive sentence in federal court. Continuing sentence in the present case would, Appellant explained, prevent this conviction from being factored into his federal prior record score and thus significantly reduce his federal sentence. The Commonwealth objected and the court expressed its concern with permitting what would be a six month lapse between plea and sentence in a case involving violence to victims. N.T. 4/15/05 at 5–7. The court also noted additional hardships a continuance would cause, including replacement of the prosecutor scheduled for maternity leave, and the administrative difficulties of

---

* Judge McCaffery did not participate in the consideration or decision of this case.

1. This Court entered an order requesting the lower court to provide us with a transcript of Appellant's guilty plea colloquy. For reasons never explained, we are still without such a transcript, and have received only a copy of a prematurely filed PCRA petition. Despite the Commonwealth's call for waiver in the absence of the transcript, we elect to proceed to the merits as the remaining transcripts cited *infra* provide sufficient record of facts to decide this matter, and as it remains unclear why the transcript is missing.

coordinating judicial personnel now that the judge had been reassigned to the civil program. N.T. at 7. Nevertheless, the court indicated it would continue the case until the following month, at which time it would proceed with sentencing. N.T. at 8.

¶ 3 At that point, the court addressed an entry in Appellant's presentence investigation report stating that Appellant would consider withdrawing his plea if his state sentence were to precede his federal sentence. Defense counsel confirmed Appellant held this intention. N.T. at 8. The trial court asked Appellant if it was his desire to withdraw his plea, to which Appellant replied under oath:

> [APPELLANT]: The only reason I was wondering about my plea, if I got sentenced today, it would effect [sic] my Federal sentencing and if that was to happen, yes.

N.T. at 9. After an exchange between the court and counsel only reinforced the defense approach to Appellant's plea, the court responded:

> THE COURT: Let's cut to the chase here. Mr. Tennison, do you want to withdraw your plea or don't you? If you do, I have to know why.
>
> [APPELLANT]: It's a possibility, Your Honor.
>
> THE COURT: What do you mean it's a possibility? Either you are or you aren't.
>
> [APPELLANT]: There are still things that I am learning about my case as far as evidence and other things, that have really persuaded me to look at different things. I did take a plea agreement because of the sentencing issues and stuff like that, because it would have worked to my advantage, and I know that I'm not guilty or however I may want to approach it, then, you know, I would like to—

> THE COURT: How do you want to approach it? That is what I want to know.
>
> [APPELLANT]: As my assertion of not guilty.
>
> [DEFENSE COUNSEL]: What we want to do now, Judge, is see what we want to accomplish between now and May 5th and—
>
> THE COURT: With what?
>
> [DEFENSE COUNSEL]: With the Federal case. [The prosecutor] indicated, and as I have been advised, there is a possibility that it might be expedited, the plea at least in that case could be expedited upon the receipt of the information from the State of Washington, in which case, this problem might be moot.
> * * *
>
> THE COURT: I just want to understand the issue. If you can make—if you can resolve the Federal problem, then you're guilty to these charges. If you don't resolve the Federal problem, then you're going to say you are not guilty of these charges.
>
> [DEFENSE COUNSEL]: That is not at all what I am saying, Judge, and I think that unfair to pose it in those terms. . . . What I am saying is that there would be no motion to vacate a guilty plea in the event that this issue is resolved before May 5th. That's really as far as I need to go, I think, at this time.
> * * *
>
> [PROSECUTOR]: But there is no way he is going to be sentenced.
> * * *
>
> THE COURT: Any comment, counselor [addressed to the prosecutor].
>
> [PROSECUTOR]: There has to be a fair and just reason, for instance the assertion of innocence. It sounds to me as though the only issue is [']how good

of a deal can I get['] as to whether or not he is going to plead guilty, which has nothing to do with guilt or innocence. **[DEFENSE COUNSEL]:** I think it does. And as the Judge knows, there is a number of times when people enter guilty pleas for other reasons other than belief in their guilt, and they are valid reasons and they are accepted judicial reasons.

* * *

**THE COURT:** Well, you know, I have to listen to the reason and make a credibility assessment whether I accept it or not.... [T]he withdrawal is not automatic....

N.T. at 10–16.

¶ 4 The court continued the matter until the next hearing, which was held on May 10, 2005. As of that date, Appellant had moved to withdraw his guilty plea as sentencing in his federal case was still pending. In support of Appellant's motion, defense counsel now argued that Appellant's guilty plea was involuntarily made, as it was induced by counsel's erroneous "assumption" that Appellant would be sentenced in the federal system prior to being sentenced in the state case. N.T. 5.10/05 at 5. The court could, however, effectively eliminate the involuntariness of the plea by continuing sentencing in this case until after such time Appellant is sentenced in the federal case, counsel argued. N.T. at 5–7. If the court would do so, counsel noted that the only possible impediment to the plea would be an assertion of innocence, and he confided to the court "[it's] a different situation, whether I would in fact support a motion to withdraw a guilty plea at that time may not be true." N.T. at 7.

¶ 5 The prosecution responded by objecting to the motion, as it was not, under counsel's explanation, based on Appellant's previous assertion of innocence but on sentencing expediency. N.T. at 8. Defense counsel countered that a plea predicated on inaccurate advice from counsel renders such plea involuntary and qualifies as a "fair and just reason" permitting presentence withdrawal of the plea. N.T. at 9. Appellant himself added he had always maintained his innocence to the most serious charges-three counts of burglary—to which, he believed, evidence would show his codefendants alone were guilty. N.T. at 17–18.

¶ 6 The Court denied Appellant's motion to withdraw because it found Appellant failed to support it with a credible reason:

**THE COURT:** I believe that a fair and just reason has to be a credible reason and I believe that the defendant in this case is really playing one system off the other. In my view, and we have civilian witnesses here, we have a total of four cases that are involved here and it seems to me if someone is innocent, they are innocent. It is not innocent if things work out the way they want them to work out. A plea was entered here. It was a no contest plea. There was a factual basis upon which it was rendered.

I felt frankly the last time that this was just not a credible situation where someone is genuinely asserting their innocence. I've had those situations. I don't think this is one of the them. I think this is a situation where someone is saying the words, that obviously after being a part of the system for a long time knows what the right words are to say. But it's clear to me that this is strictly strategic to get the benefit of whatever court can deal with this situation in a way that's most advantageous to the defendant.

Now, clearly, defendant has certain rights but the Commonwealth has certain rights, too. And, as I said, a fair and just reason. I'm making the credi-

bility finding basically that I don't believe the defendant believes he's innocent. I believe he's trying to get the best possible deal. This plea was entered ... January 13th, and now all of a sudden it turns out that the defendant is not going to be sentenced in federal court for whatever reason. Now he wants to withdraw his plea.

\* \* \*

But I'm just not comfortable doing that under the circumstances. It makes me feel like I am part of an untruthful transaction and I'm not saying that as an assertion against counsel, I'm just saying how one could draw the assumption.

N.T. at 11–13.

¶ 7 Accordingly, the court commenced sentencing. After a full hearing, the court entered an aggregate sentence of 60 to 180 months' incarceration on two felony burglary convictions run consecutively, with additional sentences on burglary and theft of a motor vehicle running concurrently.

¶ 8 Appellant raises one issue on appeal:

I. **WHETHER THE COURT ERRED IN DETERMINING THAT THE APPELLANT WAS NOT ENTITLED TO WITHDRAW HIS GUILTY PLEA DESPITE HIS CLAIM OF INNOCENCE AND DETERMINED, CONTRARY TO THE APPELLANT'S ASSER-TION, THAT THERE WAS NO FAIR AND JUST REASON TO PERMIT THE WITHDRAWAL?**

Brief for Appellant at v.[2]

■ ¶ 9 When a motion to withdraw a plea is made prior to sentencing, the motion should be granted where the defendant has offered a "fair and just reason." *See Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973), *and also Commonwealth v. Randolph,* 553 Pa. 224, 718 A.2d 1242 (1998). We reproduce a lengthy excerpt from *Randolph* to provide context to the issue before us:

In *Forbes,* the appellant pled guilty to various crimes stemming from an assault and robbery of the victim in her home, which resulted in her death. An on-the-record colloquy was conducted prior to the court's entrance of appellant's pleas. Having concluded that the pleas were made "voluntarily and understandingly," the court concluded that the evidence presented revealed that a case of first degree murder had been made out. The court deferred further ruling on the matter until a three-judge panel could be convened.

On the day of the scheduled hearing before the three-judge panel, appellant stated that he wished to withdraw his guilty pleas because he did not "want to plead guilty to nothing [he] didn't do." *Id.* 450 Pa. at 187, 299 A.2d at 269. Appellant later abandoned this request,

**2.** Appellant argues beyond the scope of his "Statement of Question Presented" to address also whether his plea was the involuntary product of inaccurate representations made by plea counsel. While Appellant raised this reason for withdrawal at the May 10, 2005 hearing, the transcript does not clarify precisely what counsel said, or the level of certitude expressed, to Appellant in recommending a plea. It does appear that counsel never induced a plea through a promise that the federal case would precede the state case, and that Appellant's own statements to the court revealed he possessed a fair degree of knowledge and sophistication in sentencing procedure at the outset of his plea considerations. Such indications militate strongly against a finding that ineffective assistance of counsel induced this plea. Nevertheless, we are constrained to find the record inadequate to dispose of this claim, and conclude that the better practice is to dismiss this claim without prejudice to Appellant to raise it in collateral proceedings, pursuant to *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002).

but it became clear that his decision was based upon defense counsel's threat to withdraw from the case. The court nevertheless proceeded to sentence appellant to life imprisonment based upon a finding that appellant was guilty of first degree murder.

The appellant in *Forbes* asserted that the court erred in failing to permit him to withdraw his guilty pleas made pursuant to his original request and prior to sentencing, once it became clear that he abandoned this request based on his counsel's coercion. We agreed and found the appellant's withdrawal of his original request to be invalid. In reversing the judgment of sentence and granting a new trial, we again stated that "a request [to withdraw] made before sentencing has been generally construed liberally in favor of the accused." *Id.* 450 Pa. at 190, 299 A.2d at 271. We then set forth the following test regarding when such a request should be permitted:

In determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, "the test to be applied by the trial courts is fairness and justice." If the trial court finds "any fair and just reason", withdrawal of the plea before sentence should be freely permitted, unless the prosecution had been "substantially prejudiced."

*Id.* 450 Pa. at 191, 299 A.2d at 271 (citations omitted).

Applying this test to the facts of *Forbes*, we held that the trial court should have allowed withdrawal of appellant's guilty pleas. We noted that the basis for the appellant's requested withdrawal was that he did not "want to plead guilty to nothing [he] didn't do." **Accordingly, we found that appellant, by this assertion of innocence—so early in the proceedings—offered a "fair and just"**

**reason for withdrawal of his plea.** Moreover, on this record there is not even the slightest suggestion that the prosecution was in any sense "substantially prejudiced by reliance upon the defendant's plea." *Id.* 450 Pa. at 192, 299 A.2d at 272 (emphasis added).

**The facts before us in the current matter reveal that Appellant made a clear assertion of his innocence** before the trial court as the basis for his requested withdrawal of his guilty pleas. See N.T. September 7, 1994 at 4. Moreover, the uncontroverted evidence of record fails to reveal that the Commonwealth would have suffered any prejudice, let alone substantial prejudice, had Appellant's withdrawal request been permitted. Thus, based on our decision in *Forbes*, Appellant offered a fair and just reason for withdrawing his guilty pleas made prior to sentencing, and, accordingly, his request in this regard should have been permitted.

*Randolph* at 228–29, 718 A.2d at 1244 (emphasis added).

■ ¶ 10 Dispositive in both *Forbes* and *Randolph* was that the defendant made a clear assertion of innocence prior to sentencing, such that it qualified as a fair and just reason permitting the pre-sentence withdrawal of the guilty plea. In contrast, Appellant's conditional assertion of innocence—invoked at the prospect of being sentenced, withdrawn at the prospect of receiving yet another continuance—was anything but clear. Indeed, no sooner would the assertion be made than it would be completely contradicted by statements admitting guilt should sentencing be deferred until resolution of the federal case. Defense counsel himself conceded at the hearing of May 10, 2005 that he doubted his ability to represent Appellant on the assertion of innocence at a later date if the

court granted Appellant's requested motion for continuance.

¶ 11 Our jurisprudence has stressed that the individual's fundamental right to a trial requires a liberal granting of pre-sentence motions to withdraw guilty plea. Yet, it has also recognized there is no absolute right to a pre-sentence withdrawal of a plea, and has issued clear holdings that the denial of such a motion is proper where the evidence before the court belies the reason offered. *See Commonwealth v. Michael,* 562 Pa. 356, 755 A.2d 1274 (2000) (holding pre-sentence motion properly denied where defendant's claims of incompetency at time of guilty plea and difficulty in communicating with counsel were not supported by record).

¶ 12 Statements made both by counsel and Appellant during proceedings undermined the credibility of the assertion of innocence made to the court. Under the specific facts of this case, therefore, we cannot hold the court erred as a matter of law when it determined the assertion was simply pretextual, and thus failed to provide a fair and just reason to set aside Appellant's guilty plea.

¶ 13 Judgment of sentence is Affirmed.