J-S03045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| EDWARD JAMES GEROMANOS, III | |
| Appellee | No. 1559 EDA 2015 |

Appeal from the Order Entered April 29, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000671-2013

BEFORE: FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED FEBRUARY 16, 2016**

The Commonwealth appeals from the order entered in the Monroe County Court of Common Pleas, which granted Appellee Edward James Geromanos, III's ("Geromanos") petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On April 24, 2013, Geromanos pled guilty to possession with intent to deliver ("PWID")[2] heroin, an unspecified amount. He signed a written guilty plea and colloquy that indicated he had a prior record score of "1", and that the standard sentence range for his offense was nine (9) to sixteen (16) months' incarceration. The trial court conducted a group oral colloquy,

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 Pa.C.S. § 780-113(a)(30).

during which Geromanos, in unison with several other defendants, indicated that he read and understood the form that he had signed, and that he signed it voluntarily. N.T., 4/24/2013, at 4-5. Geromanos indicated that he understood the maximum penalty for his conviction was fifteen (15) years' incarceration. *Id.* at 3.

Robin Spishock, Esq. from the Monroe County Public Defender's Office[3] was listed as attorney of record for Geromanos, however she only met with Geromanos once at the preliminary hearing. N.T., 10/17/2014, at 5. Other attorneys from the public defender's office represented Geromanos throughout various stages of proceedings. Attorney Spishock told Geromanos that she thought his prior record score was a "1" and apprised him of his guideline sentence range. *Id.* at 37. Geromanos's prior record score was actually a "5", and the court later sentenced him accordingly. Wieslaw T. Niemoczynski, Esq., represented Geromanos during the oral colloquy because Attorney Spishock was not available.

Geromanos wrote a note to Attorney Spishock that indicated he wished to withdraw his guilty plea. Attorney Spishock did not meet with Geromanos to ascertain why he wished to withdraw the plea, but filed a motion on his behalf to withdraw the guilty plea on May 29, 2013. N.T. 10/17/2014, at 36.

---

[3] All other attorneys named in this memorandum were employed by the Monroe County Public Defender's Office while Attorney Spishock was the listed attorney for Geromanos.

On June 27, 2013, the trial court conducted a brief hearing on Geromanos' motion to withdraw the plea. Jason Labar, Esq., represented Geromanos at this time because Attorney Spishock again was not available. Attorney Labar indicated that the only communication he had with Geromanos was his request to withdraw his guilty plea. N.T., 6/27/2013, at 3. The court then asked Geromanos why he wished to withdraw his guilty plea, and he responded that he wanted to take the matter to trial. *Id.* at 3-4. The Commonwealth objected because Geromanos had not asserted a valid basis for his withdrawal. The trial court denied Geromanos' motion and immediately proceeded to sentencing. *Id.* at 5. Counsel Labar did not object, add any additional explanation of why Geromanos wished to withdraw his plea, or request a continuance of sentencing. The court sentenced Geromanos to thirty-three (33) to one-hundred-twenty (120) months' incarceration.

Geromanos did not file a direct appeal. On June 23, 2014, Geromanos filed a *pro se* PCRA petition alleging ineffective assistance of counsel and that his guilty plea was unlawfully induced. On June 30, 2014, the PCRA court appointed counsel, who filed an amended PCRA petition on September 10, 2014. The PCRA court conducted hearings on October 17, 2014 and January 13, 2015.

At the PCRA hearing, Geromanos testified that James Gregor, Esq. presented him with the written guilty plea that indicated he had a prior record score of "1", but did not go through the rights he was giving up by

entering a plea of guilty. *Id.* at 23. Attorney Gregor signed the guilty plea, but did not testify at the PCRA hearing.

Geromanos also introduced a copy of his written guilty plea with a note on the top that read: "Robin - Δ says he has multiple felonies! Check. He wants to pull plea." Defendant Exhibit 3, 1/13/2015. The prior record score of "1" was circled on this exhibit. Although none of the attorneys who testified knew who wrote the note, they stipulated that someone in the public defender's office was aware that Geromanos wished to withdraw his plea and was attempting to communicate this information to Attorney Spishock.[4]

On April 29, 2015, the PCRA court granted Geromanos' PCRA petition and his request to withdraw his guilty plea. On May 6, 2015, the PCRA court vacated Geromanos' judgment of sentence.

On May 22, 2015, the Commonwealth timely filed a notice of appeal.[5] The Commonwealth raises the following issues for our review:

---

[4] On October 17, 2014, the PCRA court, which was the same as the trial court, scheduled an additional hearing so that Attorney Gregor could be subpoenaed to explain the handwritten notes on Geromanos' written guilty plea. A different judge presided over the January 13, 2015 hearing, during which the attorneys stipulated that someone in the public defender's office was aware that Geromanos wished to withdraw his plea before the hearing.

[5] The PCRA court did not order, and the Commonwealth did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 1, 2015, the PCRA court issued a statement pursuant to
*(Footnote Continued Next Page)*

WHETHER THE [PCRA] COURT COMMITTED AN ERROR OF LAW IN FINDING THAT [GEROMANOS] MET HIS BURDEN FOR PCRA RELIEF UNDER SECTION 42 PA.C.S.[] § 9543(A)(2)(II)?

WHETHER THE [PCRA] COURT COMMITTED AN ERROR OF LAW AND/OR ABUSED ITS DISCRETION IN GRANTING [GEROMANOS'] MOTION FOR POST-CONVICTION RELIEF BASED UPON A FINDING THAT HIS TRIAL COUNSEL WAS INEFFECTIVE IN RELATION TO HIS GUILTY PLEA AND REQUEST TO WITHDRAW THE SAME?

Commonwealth's Brief at vii.

The Commonwealth argues the PCRA court erred in determining Geromanos met his burden under 42 Pa.C.S. § 9543(a)(ii) of proving by a preponderance of the evidence that his conviction was the result of ineffective assistance of counsel. Specifically, it claims Geromanos did not establish prejudice in that Geromanos did not prove that counsel's failure to object to the *en masse* colloquy, counsel's failure to place on the record the Commonwealth's obligation to demonstrate prejudice before denying a motion to withdraw a guilty plea, counsel's failure to advise Geromanos of his correct prior record score and counsel's failure to ask for a continuance after Geromanos' request to withdraw his guilty plea was denied would have resulted in a different outcome of the proceedings. The Commonwealth further argues the PCRA court should not have allowed Geromanos to withdraw his guilty plea because he failed to show the basis of the

*(Footnote Continued)* _____

Pa.R.A.P. 1925(a) that indicated its opinion and order of April 29, 2015 addressed the Commonwealth's issues on appeal.

- 5 -

withdrawal was the voluntariness of his guilty plea or the legality of his sentence. The Commonwealth concludes the PCRA court erred as a matter of law or abused its discretion in granting Geromanos' PCRA petition. We disagree.

Our standard of review regarding PCRA relief is well-settled. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

This Court follows the *Pierce*[6] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the

---

[6] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa.1987).

evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

*Commonwealth v. duPont*, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not address the remaining prongs of the test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super.2002) (citing *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999)). Whether a plea was voluntary "depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lynch*, 820

A.2d 728, 733 (Pa.Super.2003), *appeal denied*, 835 A.2d 709 (Pa.2003) (quoting **Hickman**, 799 A.2d at 141).

In his PCRA petition, Geromanos alleged counsel was ineffective for causing him to enter the plea and for not effectively representing him in his motion to withdraw it. He further claimed he thought the guidelines provided for a shorter sentence when he entered into the guilty plea based on his prior record score of "1", not his true prior record score of "5". Geromanos claimed counsel was ineffective for failing to effectively withdraw the plea at the hearing or to request a continuance so that Geromanos could withdraw the plea before sentencing.

"Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made *before* sentencing … should be liberally allowed." **Commonwealth v. Unangst**, 71 A.3d 1017, 1020 (Pa.Super.2013) (quoting **Commonwealth v. Forbes**, 299 A.2d 268, 271 ([Pa.]1973) (emphasis in original)).

> [I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds any fair and just reason, withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been substantially prejudiced. As a general rule, the mere articulation of innocence is a fair and just reason for the pre-sentence withdrawal of a guilty plea unless the Commonwealth has demonstrated that it would be substantially prejudiced.

*Commonwealth v. Prendes*, 97 A.3d 337, 351-52 (Pa.Super.2014) *appeal denied,* 105 A.3d 736 (Pa.2014) (internal quotation marks and citations omitted).

However, our jurisprudence has recognized that the denial of a pre-sentence motion to withdraw a guilty plea is proper "where the evidence before the court belies the reason offered." *Commonwealth v. Tennison*, 969 A.2d 572, 578 (Pa.Super.2009) (citing *Commonwealth v. Michael*, 755 A.2d 1274 (Pa.2000)). Further, "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request." *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1285 (Pa.2015).

At the PCRA hearing, Geromanos testified that he wished to withdraw his guilty plea because he was innocent of the crime to which he pled guilty. Specifically, he claimed that he was guilty of possessing heroin, but he had no intent to deliver it. N.T., 10/17/2014, at 29. At the PCRA hearing, Attorney Labar, who represented Geromanos at the hearing on the motion to withdraw the guilty plea, could not recall the case at all. *Id.* at 42. At the hearing on the motion to withdraw the guilty plea, the only statement Attorney Labar made on Geromanos' behalf regarding his motion was: "the only communication that I have had with Mr. [Geromanos] is his request to withdraw his guilty plea." N.T., 6/27/2013, at 3.

In granting Geromanos' petition for PCRA relief, the PCRA court reasoned:

> Given the circumstances present here, we believe [Geromanos'] claim has arguable merit. Counsel's failure to request a continuance of [Geromanos'] sentencing was an omission which may have adversely affected the outcome of the proceeding. At the time of sentencing, counsel could have requested a continuance of sentencing or he could have placed his objections on the record to the [c]ourt's denial of [Geromanos' m]otion. We believe counsel's course of conduct was without a reasonable basis to effectuate his client's interest. Further, we find that [Geromanos] was prejudiced thereby… We believe that there is a reasonable probability that the outcome of the proceedings would have been different. Accordingly, we enter the following order.

PCRA Court Opinion, filed April 29, 2015, at 10.

The PCRA court opinion is supported by the record and free of legal error. Although the trial court was not required to grant Geromanos' request to withdraw his guilty plea, the PCRA court properly found Geromanos' counsel had no reasonable basis for failing to represent him more adequately at the hearing on his motion to withdraw his guilty plea. Further, the PCRA court found that if counsel had represented Geromanos more thoroughly, there was a reasonable probability that the outcome would have been different. Thus, the PCRA court properly granted Geromanos' petition and allowed him to withdraw his guilty plea and proceed to trial. Accordingly, we affirm.[7]

_____

[7] Due to our disposition, we need not address the Commonwealth's contention that the PCRA court erred in allowing Geromanos to withdraw his guilty plea where Geromanos' issue did not pertain to the voluntariness of the guilty plea or the legality of the sentence. The PCRA court properly
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2016

*(Footnote Continued)* ────────────

granted Geromanos relief under 42 Pa.C.S. § 9543(a)(2)(ii), not under 42 Pa.C.S. § 9543(a)(2)(iii).