J-S47006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES FRANCIS PLUMMER | : | |
| | : | |
| Appellant | : | No. 497 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 14, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004641-2017


BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 04, 2019**

Appellant, Charles Francis Plummer, appeals from the March 14, 2019 Judgment of Sentence entered in the Luzerne County Court of Common Pleas following his conviction of Possession With Intent to Deliver ("PWID") (cocaine) and Criminal Use of a Communication Facility.[1]  Appellant challenges the denial of his pre-trial Motion to Withdraw Guilty Plea.  After careful review, we affirm.

On January 22, 2019, Appellant entered an open guilty plea to the above crimes.  On March 14, 2019, the court convened Appellant's sentencing hearing, at the outset of which Appellant made an oral Motion to Withdraw his guilty plea.  In support of the Motion, Appellant alleged that "as soon as" he left the court after entering his guilty plea almost two months earlier, he had

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. §7512(a), respectively.

learned that the woman for whom he had obtained the cocaine was cooperating with law enforcement and had "lured" him into getting her drugs by claiming to be "sick" and in need of drugs due to her addiction. N.T. Sentencing, 3/14/19, at 3. Appellant reported that he had been told that this woman's true motive was that she was angry with the supplier—not Appellant—and wanted to implicate him. *Id.* Appellant's counsel explained that Appellant believed that he could raise an entrapment defense, but that counsel did not consider the defense viable. *Id.* at 3-4. The Commonwealth opposed Appellant's Motion. The sentencing court denied the Motion and sentenced Appellant to an aggregate term of 35 to 72 months' incarceration, followed by one year of probation.

Appellant timely appealed from his Judgment of Sentence. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges "[w]hether the trial court abused its discretion by denying Appellant's pre-sentence [M]otion to [W]ithdraw his guilty plea?" Appellant's Brief at 1. He argues that his assertion of an entrapment defense "suggest[ed] his innocence" and that the court abused its discretion in denying his Motion because the Commonwealth did not offer any evidence and "made absolutely no credible argument" that the withdrawal of his plea would cause it prejudice. *Id.* at 6-7.

This Court reviews the denial of a motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Gordy*, 73 A.3d 620 (Pa. Super. 2013). An abuse of discretion is more than an error in judgment; it will not

be found unless the trial court's judgment was manifestly unreasonable, or was the result of partiality, bias, or ill-will. ***Commonwealth v. McNabb***, 819 A.2d 54, 55 (Pa. Super. 2003).

Pennsylvania Rule of Criminal Procedure 591(A) provides that, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

The following precepts inform our review of a trial court's denial of a motion to withdraw a guilty plea prior to sentencing:

> We begin with the principle that a defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court. ***Commonwealth v. Hutchins***, 683 A.2d 674, 675 (Pa. Super. 1996). In the seminal case of ***Commonwealth v. Forbes***, 299 A.2d 268 (Pa. 1973), the Supreme Court set forth the standard for determining when a motion to withdraw a guilty plea prior to sentencing should be granted. The Court stated that "[a]lthough there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing . . . should be liberally allowed." 299 A.2d at 271. The Court then outlined the now well-established two[-]prong test for determining when to grant a pre-sentence motion to withdraw a plea: (1) the defendant has provided a "fair and just reason" for withdrawal of his plea; and (2) the Commonwealth will not be "substantially prejudiced in bringing the case to trial." ***Id.***

***Commonwealth v. Muhammad***, 794 A.2d 378, 382-83 (Pa. Super. 2002).

In 2015, the Pennsylvania Supreme Court in ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015), further clarified the inquiry that must be made when considering a pre-sentence attempt to withdraw a plea

- 3 -

based on a claim of innocence. It held that "the proper inquiry . . . is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Carrasquilla*, 115 A.3d at 1292. Thus, a defendant seeking to withdraw his plea based on an assertion of innocence must make such a claim that is "at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Id.* "The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts." *Id.*

The determination of whether there is a "fair and just reason" is based on the totality of the circumstances present at the time the withdrawal request is made. *Commonwealth v. Tennison*, 969 A.2d 572, 573 (Pa. Super. 2009). In making a determination of whether a defendant has made a plausible assertion of innocence, trial courts should consider "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence," and "any 'ulterior or illicit motive' for the motion to withdraw." *Commonwealth v. Islas*, 156 A.3d 1185, 1190-91 (Pa. Super. 2017) (citing *Carrasquillo*, *supra*, at 1293). *See also Commonwealth v. Hvizda*, 116 A.3d 1103, 1107 (Pa. 2015) (noting *Carrasquillo's* holding that "a bald assertion of innocence" is no longer sufficient grounds to permit withdrawal of a guilty plea).

An entrapment defense does not deny that the defendant committed the charged offense, but rather constitutes an affirmative defense.

- 4 -

*Commonwealth v. Joseph*, 848 A.2d 934, 938 (Pa. Super. 2004). A successful entrapment defense requires the defendant to prove by a preponderance of the evidence that the conduct of the police or an agent of the police reached such a "level of outrageousness" as to "make a reasonable person feel compelled to commit the crimes." *Commonwealth v. Zingarelli*, 839 A.2d 1064, 1073-74 (Pa. Super. 2003).

In its Rule 1925(a) Opinion, the trial court first noted, and Appellant does not dispute, that "the record demonstrates that [Appellant's] guilty plea colloquy inquiry covered all material matters necessary to a voluntary, knowing[,] and intelligent plea of guilty." Trial Ct. Op., 5/9/19, at 5. In explaining its decision to deny Appellant's Motion to Withdraw Guilty Plea, the court opined as follows:

> [Appellant] testified [that] he was aware of the alleged affirmative defense of entrapment immediately following the entry of his guilty plea. Notwithstanding, he did not expeditiously seek to withdraw the guilty plea in order to advance an alleged entrapment defense at trial until his counsel reviewed the [Pre-Sentence Investigation Report] and he appeared for sentencing— 51 days after he entered the guilty plea.
>
> We certainly recognize the standard to be applied herein is that of a pre-sentence request to withdraw a guilty plea and, applying that standard, we find [Appellant] failed to offer any fair, just[,] or timely explanation in support of his request to withdraw the guilty plea.

*Id.* at 6 (footnote omitted).

Our review of the record confirms that Appellant conceded that he had been aware of his alleged entrapment defense since "as soon as" he left the court after entering his guilty plea. Moreover, Appellant did not allege, let

- 5 -

alone prove, by a preponderance of the evidence that the alleged conduct of the **police** or an **agent of the police** reached such a "level of outrageousness" as to "make a reasonable person feel compelled to commit the crimes." ***See Zingarelli***, ***supra***. Thus, Appellant did not state a basis for a viable entrapment defense.

In light of the eleventh-hour nature of Appellant's request to withdraw his plea, and his "bare assertion of innocence," we conclude that the trial court did not abuse its discretion in finding that Appellant did not provide a "fair and just reason" to permit Appellant to withdraw his plea. ***See Carrasquillo***, 115 A.3d at 1292 (holding that a bare assertion of innocence is not a fair and just reason to permit a pre-sentence withdrawal of a guilty plea and that "the timing of the innocence claim" is relevant). Appellant's claim, therefore, fails.[2]

Judgment of Sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/04/2019

---

[2] Because we agree with the trial court that Appellant failed to present a fair and just reason militating withdrawal of his guilty plea, we need not address Appellant's assertion that the court should have granted his Motion because Commonwealth offered no evidence that it would suffer prejudice if the court permitted Appellant to withdraw his plea.