J-S52029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MOMO SHERIFF | : | |
| | : | |
| Appellant | : | No. 2277 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005752-2017

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:               **FILED: JANUARY 25, 2021**

Momo Sheriff (Appellant) appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his guilty plea to attempted murder, possessing an instrument of crime (PIC), and firearms not to be carried without a license.[1]  Appellant argues the court erred in denying his pre-sentence motion to withdraw his guilty plea, where he presented fair and just reasons and the Commonwealth would not be substantially prejudiced.  We affirm.

The Commonwealth presented the following facts at the plea hearing:

[H]ad this case proceeded to trial, [the Commonwealth] would have presented several witnesses.  The evidence would have shown that on April 6[,] 2017, at approximately [2:00] in the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901, 907, 6106.

morning, at the area of 5700 Florence Street[, Appellant] got into an argument with his girlfriend[, Tanisha McGlond].

After this argument, there was a physical altercation, the culmination of which was [Appellant] taking out a firearm, for which he did not have a permit to carry, and firing at least four shots.

One of the bullets struck [McGlond], went through her right leg, the other one struck her in the buttock, and the third one went through her abdomen and was [lodged] in her back. That bullet remains in her body today. . . .

The evidence would also show that there was a [78-year old[2]] witness who heard a female voice say, [w]hy did you do that, and a male voice saying, [b]ecause you didn't listen.

But for the neighbors calling 911 and the speedy actions of the police officers, it's doubtful whether the complainant would have survived. And that is why we are [ ] proceeding with the Attempted Murder [charge].

N.T., Guilty Plea, 8/28/18, at 8-9. Appellant agreed to this recitation of the facts. *Id.* at 10. He also acknowledged he understood "[t]here's a possibility" he may face deportation. *Id.* at 7. Furthermore, we note the Commonwealth possessed a surveillance video that captured the incident. N.T., 3/14/19, at 11. Appellant entered an open guilty plea to attempted murder, PIC, and firearms not to be carried without a license.

Prior to sentencing, Appellant filed a *pro se* motion to withdraw his guilty plea on January 7, 2019, and a counseled motion to withdraw guilty plea on February 26th. The trial court conducted a hearing on March 14th, at which

---

[2] N.T., Motion to Withdraw Guilty Plea, 3/14/19, at 13.

Appellant raised a claim of innocence. Appellant claimed he and McGlond were leaving a bar, and Appellant thought another individual was "pulling out a gun so [Appellant] fire[d] shots at that individual, and [McGlond] may have been struck in the crossfire." N.T., 3/14/19, at 6. Appellant maintained he "never ever intended to harm [McGlond]." *Id.* at 6-7. Additionally, Appellant raised an issue with McGlond's ability to observe who shot her, and Appellant argued he was "never told" his "offenses [were] automatically deportable." *Id.* at 7-9. The Commonwealth responded that Appellant's claim of self-defense is "at odds with . . . the surveillance video," and that if Appellant "was truly not intending to shoot her [but] was aiming at someone else," he would have called 911 and waited, rather than leaving before police arrived. *Id.* at 11-12. Commonwealth also pointed to, as consciousness of guilt, Appellant promising McGlond $10,000 in exchange for her promise not to testify against him. *Id.* at 12. Lastly, the Commonwealth alleged it would be substantially prejudiced due to the age of its 78 year old eyewitness, the time that had passed since Appellant's plea, and the emotional toll that testifying would inflict on McGlond due to past domestic violence allegedly suffered at Appellant's hand. *Id.* at 13-14. The court denied Appellant's motion to withdraw his plea. *Id.* at 16.

This case proceeded to sentencing on March 28, 2019. Appellant first orally requested the trial court to reconsider the denial of his motion to withdraw his plea. Appellant argued he sent letters to his prior counsel,

requesting to withdraw his plea due to counsel's inadequate representation and Appellant's "suffering from mental illnesses as well as some medication that [Appellant] was on." N.T. Sentencing, 3/28/19, at 6-7. Due to being "left in the dark" by prior counsel, Appellant claimed the court should "look at the timing of when [Appellant] asked to withdraw the plea[.]" *Id.* at 7. Appellant also claimed he was not "properly advis[ed] . . . with regards to immigration consequences." *Id.* The court again denied Appellant's request to withdraw his plea. The court then sentenced Appellant to 20 to 40 years' imprisonment and seven years' probation. *Id.* at 12, 34.

Appellant filed a timely post-sentence motion, which was denied on July 24, 2019. Appellant took this timely appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents the following single issue for our review:

> Did the trial court err in denying [Appellant's] motion to withdraw his guilty plea when the request was made prior to sentencing, he presented fair and just reasons for the withdrawal of his plea, and the Commonwealth was not substantially prejudiced in reliance upon [Appellant's] plea?

Appellant's Brief at 4.

Appellant avers the court abused its discretion in denying his motion to withdraw his guilty plea because he presented fair and just reasons to do so. Appellant's Brief at 10. Appellant claims he stated a "colorable claim of innocence:" that he was acting in self-defense and fired his gun at another person whom Appellant "believed was reaching for a firearm to shoot him."

- 4 -

*Id.* at 9, 11. Appellant states he "never, at any point, admitted" to intentionally shooting McGlond. *Id.* at 12. Appellant also recounts that McGlond initially told detectives she was not "sure who shot her, and told medical staff "she was drinking and [did not] remember the details of the shooting." *Id.* at 11. Appellant claims he did not enter into his plea knowingly or voluntarily because: he suffered from mental illnesses, including schizophrenia and memory loss; and plea counsel did not inform him that his charges were "automatically deportable[,]" but instead only that deportation was a "possibility"[3] *Id.* at 13-15.

Lastly, Appellant argues the Commonwealth's allegation, that it would suffer prejudice, is based on "mere speculation[s]" and "assertion[s.]" Appellant's Brief at 17-18. Appellant maintains the Commonwealth presented no evidence that its 78 year old witness's memory would be impaired due to the passage of time, nor an adequate reason why McGlond would not be able to testify at trial. *Id.* at 17. Appellant rejects the trial court's reasoning that allowing him to withdraw his plea would grant him "an unfair advantage," where the plea would have been withdrawn before the presentation of the

---

[3] Appellant also avers the trial court did not inform him of the presumption of innocence, in violation of Pa. R. Crim. P. 590. However, he did not raise this claim in his Rule 1925(b) statement. Thus, it is waived. ***See Commonwealth v. Muhammad***, 794 A.2d 378, 382 n.9 (Pa. Super. 2002).

Commonwealth's case in chief and any evidence he has already received was required under **Brady**.[4] **Id.** at 18.

> We note the relevant standard of review and authority:
>
> A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any 'fair and just' reasons for withdrawing his plea absent 'substantial prejudice' to the Commonwealth. In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence. Pa.R.Crim.P. 591(A). "Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing . . . should be liberally allowed." The policy underlying this liberal exercise of discretion is well-established: "The trial courts in exercising their discretion must recognize that 'before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial — perhaps the most devastating waiver possible under our constitution.'" [O]ur Supreme Court instructed that, "in determining whether to grant a presentence motion for withdrawal of a guilty plea, 'the test to be applied by the trial courts is fairness and justice.'"

**Commonwealth v. Elia**, 83 A.3d 254, 261-62 (Pa. Super. 2013) (citations omitted). However, this Court has stated:

> [T]he individual's fundamental right to a trial requires a liberal granting of pre-sentence motions to withdraw guilty plea. Yet, it has also recognized there is no absolute right to a pre-sentence withdrawal of a plea, and has issued clear holdings that the denial of such a motion is proper where the evidence before the court belies the reason offered.

---

[4] **Brady v. Maryland**, 373 U.S. 83 (1963) (stating suppression of evidence by the state violates due process).

*Commonwealth v. Tennison*, 969 A.2d 572, 578 (Pa. Super. 2009) (citation

omitted).

This Court has explained:

"[A] mere, bare, or non-colorable assertion of innocence is insufficient, in and of itself, to support withdrawal of a plea." . . .

[A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

*Commonwealth v. Islas*, 156 A.3d 1185, 1189 (Pa. Super. 2017) (citations

omitted).

After determining a "fair and just" reason for withdrawing exists, the

court must determine if upon granting the motion, the Commonwealth would

experience a "substantial prejudice." *Islas*, 156 A.3d at 1188.

Even if there is a 'fair and just reason' to permit withdrawal of a guilty plea, withdrawal should not be permitted if the prosecution has been 'substantially prejudiced.' It is settled law that "prejudice," in the withdrawal of a guilty plea context, requires a showing that, due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled.

*Id.* at 1192, *quoting* *Commonwealth v. Blango*, 150 A.3d 45, 51 (Pa. Super.

2016). This Court has previously explained that substantial prejudice cannot

"be equated with the Commonwealth being made to do something it was

already obligated to do prior to the entry of the plea." *Islas*, 156 A.3d at

1192 (citations omitted). The question "is whether, at the time [a defendant] moved to withdraw his plea, the prosecution would have been substantially prejudiced by being required to try its case." *Id.* at 1193.

Finally, we note: "A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012).

Here, the trial court found Appellant did not raise "fair and just reasons" to withdraw. The trial court found Appellant's claim that he presented a plausible claim of innocence "utterly lacking in merit." Trial Ct. Op. at 5. Further, the trial court found:

> [A]ppellant's assertion of innocence was implausible. He claimed, *inter alia*, that the victim, who was [his] long time paramour, was under the influence of intoxicating substances when the incident occurred and, at first, did not identify him as the person who shot her to police. He further relied on his statement to police wherein he stated that he had been involved in a fight inside a bar just prior to the incident herein and that he fired his gun when he thought that a third man was reaching for a gun as evidence of his innocence. [N.T., 3/14/19, at 5-7.] Appellant was well aware of this evidence when he pleaded guilty and yet still knowingly, voluntarily, and intelligently decided to plead guilty. In addition, the record shows that [A]ppellant averred during the guilty plea hearing that he agreed with the Commonwealth's recitation of the facts. [N.T., 8/28/18 at 10].
>
> Moreover, the Commonwealth's evidence included a video recording and letters [A]ppellant wrote to the victim herein asking her to send [A]ppellant's attorney a letter stating that she was not going to appear at [A]ppellant's trial in exchange for $10,000.[ N.T., 3/14/19, at 12.] That recording captured much of the incident and did not depict a third person. It also showed that following the shooting, [A]ppellant did not assist the victim, which

- 8 -

is something one would expect him to do had the shooting been accidental. [T]he letter clearly manifested consciousness of guilt.

The Commonwealth also had witnesses available to testify on its behalf who would have implicated [A]ppellant in the crime. For all of those reasons, this Court determined that [A]ppellant failed to present a plausible claim of innocence[.]

*Id.* at 6-7. This finding is well within the trial court's discretion and we will not disturb it on appeal. *See Elia*, 83 A.3d at 261.

We also find no abuse of discretion in the trial court's rejection of Appellant's claims that he did not enter his plea knowingly or voluntarily. While Appellant has diagnosed mental illnesses, the trial court concluded those illnesses did not impact the colloquy:

During the hearings on [A]ppellant's withdrawal motion, [he] argued, *inter alia*, that he should be permitted to withdraw his plea because he suffered from mental illness and was taking medication at the time he entered his plea which rendered him incapable of entering a valid plea. [N.T., 3/28/19, at 6-7.] This Court rejected that claim based on the record herein. A review of the guilty plea hearing indicates that [A]ppellant not only reviewed with the assistance of counsel a guilty plea colloquy form that asked if he was suffering from some malady that prevented him from understanding the nature of the proceedings, he also indicated during the oral colloquy that he understood the nature of the proceedings, that he was not under the influence of an intoxicating substance that prevented him from understanding what he was doing, and that while he suffered from a mental illness, he understood what was then occurring. [N.T., 8/28/18, 2-7.]

The foregoing establishes that [A]ppellant entered his plea knowingly, intelligently, and voluntarily and that his mental illness and any medication he was taking did not affect his cognitive functions to a degree that rendered him incapable of entering a valid guilty plea. . . .

- 9 -

Trial Ct. Op. at 4. Further, "[Appellant] is bound by the statements made during the plea colloquy and [ ] may not later offer reasons for withdrawing the plea that contradict statements made when he pled." *Id.* at 3, *citing* **Brown**, 48 A.3d at 1277

The trial court also determined the Commonwealth would suffer prejudice, where there were concerns regarding the eyewitness' memory and the emotional toll of having the victim testify after a significant amount of time had passed. Trial Ct. Op. at 7-8, *quoting* **Commonwealth v. Prendes**, 97 A.3d 337, 352 (Pa. Super. 2014) ("[P]rejudice would require a showing that due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled."). Similarly, this conclusion was within the discretion afforded to the trial court and will not be disturbed on appeal.

Finally, we do not reach Appellant's claim that his plea counsel failed to adequately inform him the guilty plea would result in automatic deportation. **See** Appellant's Brief at 15. To the extent Appellant argues counsel was ineffective, **see id.** ("[Appellant] did not receive sufficient legal counseling."), such a claim, as the trial court noted, should be raised pursuant to the Post Conviction Relief Act[5] (PCRA). **See Commonwealth v. Grant**, 813 A.2d 726,

---

[5] 42 Pa.C.S. §§ 9541-9546.

738 (Pa. 2002) (claims relating to ineffective assistance of counsel should be brought under the PCRA); Trial Ct. Op. at 5.

The trial court acted within its discretion in denying Appellant's motion to withdraw his guilty plea, and the trial court's findings are supported by the record. **See Tennison**, 969 A.2d at 578. Thus, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/21