J-S20033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON THOMAS JURY | : | |
| | : | |
| Appellant | : | No. 1445 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 23, 2020
In the Court of Common Pleas of Columbia County Criminal Division at
No(s): CP-19-CR-0000732-2019

BEFORE: NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: AUGUST 16, 2021**

Jason Thomas Jury ("Jury") appeals from the judgment of sentence entered following his guilty plea to strangulation, terroristic threats, and criminal trespass.[1] After careful review, we affirm.

The trial court set forth the following factual and procedural history:

> On June 17, 2020, [Jury] pled guilty to Count 4, [s]trangulation (F2); Count 6, [t]erroristic [t]hreats (M1) and Count 3, [c]riminal [t]respass (F3). Hugh Sumner, Esq. [("Attorney Sumner")] represented [Jury] at the guilty plea hearing. A full written and oral colloquy was conducted, including [Jury's] confirmation that he understood that he was innocent until proven guilty (written colloquy), that he was giving up many rights by pleading guilty, including the right to a trial, and [Jury] admitted to facts fulfilling the elements of each offense.
>
> On July 15, 2020, [Jury] filed a Motion to Withdraw Guilty Plea (the "Written Motion"). The Written Motion did not present any reason for withdrawal of the plea except for [Jury's]

_____

[1] 18 Pa.S.C.A. §§ 2718(a)(1), 2706(a)(1), 3503(a)(1).

profession of innocence (See paragraphs 4-5 of the Written Motion). A hearing on the Written Motion was scheduled for August 19, 2020[,] and a sentencing hearing was scheduled directly to follow, if the Written Motion were to be adjudicated adversely to [Jury].

* * *

At the hearing on the Written Motion on August 19, 2020, [Jury] continued to be represented by [Attorney] Sumner. At that hearing, as in the Written Motion, [Jury] professed his innocence (N.T., 8/19/20, p. 4 [].) Most of the hearing was spent on [Jury's] claim that, when he plead guilty, he had been unaware of a 2001 conviction for [e]scape as reflected in the Pre[-]Sentence Investigation ("PSI") Report. To make it very clear: [Jury] did not contest that he was convicted of [e]scape in 2001 or that its inclusion in applying the Sentencing Guidelines was erroneous; he only asserts that he did not know about it because the criminal history produced to him in 2020 on this case did not contain that conviction. It was apparently discovered by our probation/parole office during its correct compilation of the Sentencing Guidelines.

* * *

As th[e trial] court was dictating the Order of August 19, 2020[,] denying the Written Motion, [Jury] demonstrated deft acrobatics in leaping over the bar behind defense counsel's table, onto the first pew, and then into the center aisle, after which he ran out of the courtroom and Courthouse. He was apprehended[,] and sentencing was rescheduled to September 23, 2020. At that sentencing hearing, [Jury] was represented by new counsel, Peter T. Campana, Esq. [Attorney] Campana orally renewed the motion to withdraw guilty plea, which was again denied.

Trial Court Opinion, 12/9/20, at 1-5. The trial court sentenced Jury to an aggregate sentence of forty-eight to ninety-months in prison. Jury filed a post-sentence Motion, which the trial court denied. Jury filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Jury presents a single question for our review: "Whether the trial court abused its discretion in denying [Jury's] pre-sentence Motion to withdraw his guilty plea?" Brief for Appellant at 5 (extraneous capitalization omitted).

Jury argues that the trial court should have considered the timing and the nature of the innocence claim along with the strength of the evidence against him when determining whether to grant his request to withdraw his guilty plea. *Id.* at 8. He further asserts that, less than thirty days after he had entered the plea, Jury instructed Attorney Sumner to file a Motion to Withdraw because of his claim of innocence. *Id.* Jury points to the following exchange between him and Attorney Sumner at the hearing on his Motion to Withdraw:

> Q: Mr. Jury, you wish to have a trial and assert your innocence of the charges against you? Is this correct?
>
> A: Yes, sir.

*Id.* at 8 (citing N.T. (Motion to Withdraw Guilty Plea), 8/19/20, at 4). Jury further avers that the Commonwealth did not make any argument regarding his innocence, nor did it cross-examine Jury regarding his claim. *Id.* at 8. It is also noteworthy that Jury admits that Attorney Sumner also failed to "elicit any facts from [Jury] to support his claim of innocence." *Id.* at 9. Finally, Jury argues that the trial court erred because it did not "state any reason" for denying the Motion, nor did it discuss whether the Commonwealth suffered any prejudice. *Id.*

Our standard of review regarding a defendant's request to withdraw a guilty plea prior to sentencing is well established:

> "We review a trial court's ruling on a pre[-]sentence motion to withdraw a guilty plea for an abuse of discretion." *Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa. Super. 2017) (citation omitted). Pennsylvania Rule of Criminal Procedure 591(A) provides that, "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).
>
> "Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed." *Commonwealth v. Kpou*, 153 A.3d 1020, 1022 (Pa. Super. 2016)[ ]. Therefore, if the defendant provides a fair and just reason for wishing to withdraw his or her plea, the trial court should grant it unless it would substantially prejudice the Commonwealth. *Commonwealth v. Carrasquillo*, [ ] 115 A.3d 1284, 1287 ([Pa.] 2015) (citation omitted).

*Commonwealth v. Williams*, 198 A.3d 1181, 1184 (Pa. Super. 2018).

The determination of whether there is a "fair and just reason" to withdraw a guilty plea is based on the totality of the circumstances present at the time the withdrawal request is made. *Commonwealth v. Tennison*, 969 A.2d 572, 573 (Pa. Super. 2009). "[T]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Carrasquillo*, 115 A.3d at 1292; *see also Commonwealth v. Hvizda*, 116 A.3d 1103, 1107 (Pa. 2015) (reaffirming the *Carrasquillo* Court's holding that bald assertions of

- 4 -

innocence are no longer sufficient grounds to permit withdrawal of a guilty plea). In determining whether a defendant has made a plausible assertion of innocence, trial courts should consider the timing and nature of the innocence claim, the relationship of that claim to the strength of the Commonwealth's evidence, and any ulterior or illicit motive for the motion to withdraw. *Islas*, 156 A.3d at 1190-91. Further,

> [c]onsistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019).

Here, the trial court addressed Jury's claim as follows:

> [Jury's] allegation that he was not aware of the 2001 escape conviction was not in the Written Motion, but [Jury] was given a full opportunity to elaborate upon this professed reason to withdraw his guilty plea. The incredibility of [Jury's] claim that he was unaware of the 2001 [e]scape conviction was pointed out by (1) the fact that [Jury] lived through it, *i.e.*, it was he who was convicted of [e]scape in 2001; and (2) the 2001 [e]scape conviction was disclosed in a PSI Report (Ex, C-1 of 8/19/20) which was compiled for a July [] 2016 [f]irearm conviction and sentencing. [Jury's] counsel in 2016 was the same counsel who represented him in the guilty plea in the present case, [Attorney] Sumner. This court found that [Jury] was not credible in making his claim that he was not aware of the 2001 [e]scape conviction.
>
> Beyond the incredibility of [Jury's] claim that he was not aware of his 2001 [e]scape conviction, one must note that, even if true, the same does not constitute a "fair and just reason." At his guilty plea and throughout the oral and written colloquy, this court did not mention that our acceptance of the plea was conditioned on a certain prior record score. Likewise, [Jury] did

not condition his guilty plea on a certain prior record or sentence. In fact, the written colloquy confirms that the plea was not entered into on the condition of any particular sentence. Further, whether [Jury] was convicted of [e]scape in 2001 does not have anything to do with demonstrating a plausible reason for [Jury's] profession of innocence in this case. It was pointed out on the record (NT 8/19/20 p. 5 []) and in our Order dated August 19, 2020 that, even if [Jury] had not been convicted of the 2001 [e]scape, his Standard Range on the [s]trangulation count would have been 18-30 months, a significant sentence in itself. Although not articulated as such by [Jury], it is as if he is saying that, if his Standard Range would have been 18-30 months, he would continue to admit his guilt and serve that sentence, but now that he knows that the Standard Range is 36-48 months (which includes the 2001 [e]scape conviction in his Prior Record Score), that is too much[,] and he does not want to serve that particular sentence. That assertion is patently ludicrous. It certainly has nothing to do with rendering plausible [Jury's] profession of innocence.

Trial Court Opinion, 12/9/20, at 3-4.

The trial court's findings are supported by the record. At the guilty plea hearing, Jury confirmed that he was pleading guilty of his own free will and that he understood the elements of each of the crimes to which he was pleading. N.T. (Guilty Plea), 6/17/20, at 2-4. He further admitted to the facts underlying each charge. *Id.* at 5-6. Finally, Jury reiterated that he was pleading guilty of his own free will, that no threats or promises were made regarding the guilty plea, and that he was satisfied with his representation. *Id.* at 6.

Moreover, at the hearing on Jury's Motion to Withdraw his guilty plea, the vast majority of the hearing was spent discussing the 2001 escape charge. Jury made only a single reference to his innocence, in response to a single

question posed by Attorney Sumner. Such a bare assertion of innocence is insufficient to constitute a fair and a just reason for withdrawal. ***See Norton***, 201 A.3d at 121. Indeed, other than asserting his innocence in his Motion to Withdraw and the brief dialogue with counsel discussed *supra*, Jury did not provide any discussion, analysis or reasoning regarding his claim of innocence. As our Supreme Court stated in ***Carrasquillo***,

> [p]resently, we are persuaded by the approach of other jurisdictions which require that a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

***Carrasquillo***, 115 A.3d at 1292. Jury failed to provide more than a bald assertion of innocence and has failed to show that withdrawal of his plea would promote fairness and justice; thus, the trial court did not abuse its discretion in denying Jury's Motion to Withdraw his guilty plea.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/16/2021

- 7 -