J-A30025-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAROLD AUGUSTUS DAVIS, JR. | : | |
| | : | |
| Appellant | : | No. 589 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 13, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0005533-2013

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    FILED MARCH 18, 2020

Appellant Harold Augustus Davis, Jr. appeals from the judgment of sentence imposed after he pled nolo contendere to two counts of aggravated assault.[1]  Appellant claims that the trial court erred in denying both his pre-sentence and post-sentence requests to withdraw his plea.  Appellant also challenges the discretionary aspects of his sentence.  We affirm.

The facts of this case are well known to the parties.  Briefly, Appellant was arrested after he fled from a traffic stop and nearly struck a police officer.  During the incident, a second police officer was hanging onto the side of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(2).

Appellant's truck while Appellant drove away. The officers brought Appellant's vehicle to a halt by shooting its engine and tires.

On December 20, 2013, the Commonwealth filed an information charging Appellant with four counts of aggravated assault, four counts of simple assault, four counts of recklessly endangering another person, one count of criminal mischief, one count of resisting arrest, and one count of fleeing or attempting to elude an officer.[2] After several continuances,[3] the matter was scheduled for a jury trial on November 15, 2018.

On November 15, 2018, immediately before jury selection, Appellant entered an open nolo contendere plea to two counts of aggravated assault. N.T. Plea Hr'g, 11/15/18, at 2-8. In exchange for his plea, the Commonwealth agreed to nolle prosse the remaining thirteen charges, including the two other counts of aggravated assault. Id. at 3.

_____

[2] 18 Pa.C.S. §§ 2701(a)(3), 2705, 3304(a)(1), and 5104, and 75 Pa.C.S. § 3733(a), respectively.

[3] It appears that this matter was delayed after the trial court held a hearing and found that Appellant was not competent to stand trial. Appellant was treated at Norristown State Hospital from May 2016 to October 2016. N.T. Sentencing Hr'g, 12/13/18, at 9, 11; see also Order, 8/29/16 (deeming Appellant incompetent for trial and recommitting Appellant to Norristown State Hospital for additional treatment). Around June 2018, the trial court received a report indicating Appellant was competent to stand trial. N.T. Sentencing Hr'g at 11. This case was scheduled for a jury trial on October 15, 2018, but when Appellant suddenly became physically ill, the trial was continued to November 15, 2018. Id. at 2, 11.

- 2 -

Before accepting Appellant's plea, the trial court conducted an on-the-record colloquy. During the oral colloquy, Appellant acknowledged that he understood the nature of the charges, the factual basis for the plea, his right to a jury trial, the presumption of innocence, and the possible sentencing ranges for his crimes. Id. at 3-8.

Additionally, the trial court inquired about Appellant's decision to enter the plea:

THE COURT: Are you on medication?

[Appellant]: Yes, sir.

THE COURT: All right. The medication that you're taking, does it affect your ability to understand what you're doing?

[Appellant]: No, sir.

THE COURT: You understand what you're doing this morning?

[Appellant]: Yes, sir.

THE COURT: All right. I will note for the record that attached to the [written plea colloquy] is a list of drugs which [Appellant] is currently taking.

* * *

THE COURT: Are you doing this voluntarily?

[Appellant]: Yes, sir.

THE COURT: No one is forcing you to this, correct?

[Appellant]: No, sir.

Id. at 4, 6.

Appellant also executed a written plea colloquy, in which he indicated that he suffered from post-traumatic stress disorder (PTSD) and was on medication. Written Plea Colloquy, 11/15/18, at 7 (unpaginated); N.T. Plea Hr'g at 2, 4. A list of Appellant's current medications was attached to the written plea colloquy and made part of the record. Id. At the conclusion of the hearing, the trial court accepted Appellant's plea. See N.T. Plea Hr'g at 8. The sentencing hearing was deferred for the Commonwealth to present victim impact testimony from the police officers. Id. at 9-10.

On December 13, 2018, the trial court held a sentencing hearing. At the outset of the hearing, Appellant's counsel made an oral motion to withdraw the nolo contendere plea. See N.T. Sentencing Hr'g, 12/13/18, at 2. Counsel stated that

> [a]s a preliminary matter, [Appellant] asked me to make a motion to withdraw his plea. So I will make that motion. I also advised him at the time he entered the plea he signed the deferment form saying that he would agree not to withdraw his plea at that time. He's asked me and stated to me that he wants to withdraw his plea.

Id. at 2.

The trial court responded that at the plea hearing, Appellant completed a written plea colloquy and participated in an oral colloquy to confirm that he understood his rights. Id. at 3. The court noted that in both colloquies, Appellant indicated that his plea was voluntary. Id. The trial court informed Appellant, "[y]our attorney has made an oral motion to allow you to withdraw

- 4 -

your guilty plea, which I'm going to deny[,]" after which the following exchange occurred:

> [Appellant]: Can I say something?  Pathological liar too.  I am not aware what is going on, you know.  It was in the form.  He was trying to tell me to plead guilty.
>
> THE COURT: No.  I didn't tell you to plead guilty.  You voluntarily - - -
>
> [Appellant]: My wife passed away.  My son got killed by a police [sic] and you're telling me to play with my life.  I withdraw this case.
>
> THE COURT: Okay.  Are we ready?

Id.  Thereafter, the trial court proceeded with the sentencing hearing.  Id.

During the police officer's victim impact testimony, Appellant interjected several times to challenge the officer's version of events and to call him a liar. Id. at 4-6.  The trial court advised Appellant that he would have his chance to speak, but Appellant indicated that he "didn't want to hear this shit" and did not "want to talk."  Id. at 6.  After that, the trial court noted for the record that "the record should reflect that [Appellant] is out of control, [we] got two deputy sheriffs that are trying to restrain him and he won't.  So we're going to proceed without him."  Id. at 8.  Ultimately, Appellant was removed from the courtroom and the sentencing hearing continued in his absence.  Id. at 8, 14.

Appellant's counsel reiterated that the pre-sentence investigation report (PSI) indicated that Appellant suffered from PTSD and anxiety.  Id. at 9.  He

also stated that Appellant had completed drug and alcohol treatment and did not have any disciplinary problems while in custody. Id. at 10.

In addition to the PSI, the trial court had several psychiatric reports relating to Appellant's mental health and a report that Appellant completed drug and alcohol outpatient program while in custody. See N.T. Sentencing Hr'g at 9-12. The trial court indicated that it was familiar with Appellant's history and "probably looked at something for [Appellant] about once every three months for the last three years." Id. at 13.

The trial court also observed that Appellant had a history of disruptive and aggressive behavior:

> [Appellant] is a very dangerous individual. Every time [Appellant] comes in here he causes a raucous [sic]. He gives everybody in this courtroom a hard time. We have always needed extra deputies every time he comes in here.
>
> Obviously, [Appellant] is a violent individual. . . . I think in three years we have had one or two calm conversations. Every other conversation when he's been competent enough to understand what was going on has always been -- he's always been a very aggressive individual. . . .

Id. at 13.

Further, the trial court reflected on the dangerous nature of Appellant's actions, including fact that the officers shot the engine and tires of Appellant's truck to "prevent that truck from speeding away with somebody hanging onto the side of it" and stated "quite frankly, [Appellant] used that vehicle as a weapon that day as far as I'm concerned." Id. at 12.

The trial court sentenced Appellant to two consecutive terms of six to fifteen years of imprisonment for a total sentence of twelve to thirty years of imprisonment.

Appellant filed a post-sentence motion on December 21, 2018, seeking to withdraw his nolo contendere plea on the grounds that his mental health issues and medication rendered him incapable of making a knowing, voluntary, and intelligent plea. Post-Sentence Mot., 12/21/18, at ¶¶ 19-23. Appellant's post-sentence motion also requested that the trial court modify his sentence. Id. at ¶¶ 24-29.

On February 27, 2019, the trial court held a hearing on the post-sentence motion. Appellant's counsel argued that Appellant's alleged inability to make a knowing, voluntary, and intelligent plea because of his mental health issues and medications (1) were fair and just reasons to withdraw his plea prior to sentencing and (2) satisfied the manifest injustice standard to withdraw his plea after sentencing. N.T. Post-Sentence Mot. Hr'g, 2/27/19 at 2-4. The trial court denied the motion on March 26, 2019. Appellant filed a timely notice of appeal on April 9, 2019. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[4]

_____

[4] In his Rule 1925(b) statement, Appellant presented the following issues: (1) the trial court erred in denying Appellant's motion to withdraw his nolo contendere plea prior to sentencing; (2) the trial court erred in denying Appellant's post-sentence motion to withdraw his nolo contendere plea; and (3) the trial court abused its discretion in sentencing Appellant to an aggregate

Appellant raises three issues, which we have reordered for our review:

1. Whether the trial court erred in denying Appellant's motion to withdraw his nolo contendere plea prior to sentencing.

2. Whether the trial court erred in denying Appellant's post-sentence motion to withdraw his nolo contendere plea.

3. Whether the trial court abused its discretion in sentencing Appellant to an aggregate term of twelve (12) to thirty (30) years of incarceration.

Appellant's Brief at 7.

Appellant's first two claims relate to his requests to withdraw his nolo contendere plea. Initially, we note that "for purposes of a criminal case, a plea of nolo contendere is equivalent to a plea of guilty." Commonwealth v. Norton, 201 A.3d 112, 114 n.1 (Pa. 2019) (citation omitted). "Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered." Commonwealth v. Pollard, 832 A.2d 517, 522 (Pa. Super. 2003) (citation omitted); see also Commonwealth v. Willis, 68 A.3d 997, 1002 (Pa. Super. 2013).

A criminal defendant "has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." Commonwealth v. Muhammad, 794 A.2d 378, 382 (Pa.

_____

term of twelve to thirty years of incarceration where the sentence was excessive, the trial court did not consider Appellant's rehabilitative needs, and the trial court improperly considered other charges which were not part of Appellant's plea. Rule 1925(b) Statement at 1-2 (unpaginated).

Super. 2002) (citation omitted). We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. Commonwealth v. Gordy, 73 A.3d 620, 624 (Pa. Super. 2013). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law." Id. (citation omitted).

In his first claim, Appellant argues that the trial court erred by denying his pre-sentence motion to withdraw his nolo contendere plea. Appellant's Brief at 17. Appellant maintains that he was under the influence of medication and, as a result, his plea was not knowing, voluntary, or intelligent. Id. at 15. He asserts that the trial court "failed to conduct an on-the-record inquiry into Appellant's reasons for withdrawing the plea." Id. at 21. Further, he contends that he was denied an "opportunity to state his reasons for withdraw[al] on the record." Id. at 22. Appellant claims that although he attempted to explain the reasons for his motion, the trial court disregarded his statements and proceeded to sentencing "without consideration as to whether he had "fair and just reasons" for withdrawing his plea.[5] Id. at 21-

_____

[5] We note that an appellant has the duty to develop his arguments for appellate review with cites to the record and relevant legal authorities. Pa.R.A.P. 2119(a)-(c); Commonwealth v. Kane, 10 A.3d 327, 331 (Pa. Super. 2010). Where an appellant fails to do so, but the error does not impede our ability to review the issues, we will address the claim on the merits. Werner v. Werner, 149 A.3d 338, 341 (Pa. Super. 2016). In the summary of argument portion of his brief, Appellant states he was under influence of medication and, as a result, his plea was not knowing, voluntary, or intelligent. Appellant's Brief at 15. Appellant does not explain in the argument portion of

22. Finally, Appellant asserts that the Commonwealth would not have been prejudiced as a result of the withdrawal. Id. at 24-27.

A defendant's burden of proof for withdrawing a guilty plea "differs depending on whether the defendant seeks to withdraw the plea before or after sentencing." Commonwealth v. Hart, 174 A.3d 660, 664 (Pa. Super. 2017). In the context of a pre-trial motion to withdraw a plea, our Supreme Court has stated:

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

Commonwealth v. Carrasquillo, 115 A.3d 1284, 1291-92 (Pa. 2015) (citation and footnote omitted); see also Pa.R.Crim.P. 591(A) (stating that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit . . . the withdrawal of a plea").

The determination of whether there is a "fair and just reason" is based on the totality of the circumstances. Commonwealth v. Tennison, 969 A.2d 572, 573 (Pa. Super. 2009). We have explained that

> [t]he proper inquiry . . . is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits,

_____

his brief how his medication affected his ability to enter the plea. Nevertheless, because we can discern his argument, we will address it on the merits. See Werner, 149 A.3d at 341.

consistent with the affordance of a degree of discretion to the common pleas courts.

Commonwealth v. Johnson-Daniels, 167 A.3d 17, 24 (Pa. Super. 2017) (citation omitted).

The comment to Rule 591(A) provides that "[w]hen the defendant orally moves to withdraw a plea of guilty or nolo contendere at the sentencing hearing, the court should conduct an on-the-record colloquy to determine whether a fair and just reason to permit the withdrawal of the plea exists." Pa.R.Crim.P. 591(A) cmt.[6]

However, Pennsylvania courts have "issued clear holdings that the denial of such a motion is proper where the evidence before the court belies the reason offered." Tennison, 969 A.2d at 578 (citation omitted); see also Commonwealth v. Culsoir, 209 A.3d 433, 438-39 (Pa. Super. 2019) (finding no "fair and just reason" for the trial court to grant the defendant's pre-sentence motion to withdraw his guilty plea because he did not assert his innocence and instead "baldly recant[ed] his representations made under oath to the court").

Here, the record belies Appellant's claim that he should have been allowed to withdraw his plea because he was not able to enter a knowing,

_____

[6] We note that "[a]lthough the Comments are not part of the Rules and have not been officially adopted or promulgated by this court . . . a court may rely on the Comments to construe and apply the Rules." Commonwealth v. Lockridge, 810 A.2d 1191, 1196 (Pa. 2002) (citations omitted).

voluntary, and intelligent plea. During the plea colloquy, Appellant confirmed that no one forced him to enter a plea and that the decision was his own. Further, Appellant confirmed that although he was on medication, it did not affect his ability to understand the proceedings. The trial court had the opportunity to observe Appellant's demeanor and was aware of Appellant's history of behavioral and mental health issues. Accordingly, the trial court properly accepted Appellant's plea as knowing, voluntary, and intelligent and denied Appellant's pre-sentence motion to withdraw his plea. Cf. Willis, 68 A.3d at 1009 (discussing cases where a defendant who was on medication, but showed no signs that he did not understand the proceedings, could not withdraw his plea on the grounds that he was taking medication).

We acknowledge that the trial court did not conduct a formal on-the-record colloquy after Appellant requested to withdraw his plea. See Pa.R.Crim.P. 591(A) cmt. However, the absence of a formal colloquy did not prevent the trial court from determining whether Appellant had a fair and just reason for the withdrawal. In his post-sentence motion, Appellant argued that his mental health issues and medication rendered him incapable of making a knowing, voluntary, and intelligent plea. He argued, in relevant part, that this satisfied the fair and just reason standard. Post-Sentence Mot. at ¶¶ 16-23. The trial court rejected that argument concluding Appellant did not satisfy the fair and just standard to withdraw his plea prior to sentencing. Accordingly, we find that the trial court's failure to conduct a colloquy regarding Appellant's

reasons for seeking to withdraw his plea prior to sentencing was not reversible error.

In sum, having reviewed the totality of the circumstances, we discern no abuse of discretion by the trial court in denying Appellant's pre-sentence motion to withdraw his plea.[7] See Johnson-Daniels, 167 A.3d at 24; Gordy, 73 A.3d at 624; see also Culsoir, 209 A.3d at 438. Therefore, Appellant's first issue fails.

In his next issue, Appellant argues that the trial court erred by denying his post-sentence motion to withdraw his plea. Appellant's Brief at 40. Appellant argues that because the trial court failed to comply with the proper procedure for denying his motion to withdraw his plea prior to sentencing, the trial court's denial of his post-sentence motion was also erroneous. Id. at 40-41. In support, Appellant rests on the same arguments that he raised in support of his first claim.[8] Id. at 40.

This Court has explained that

> the decision to allow a defendant to withdraw a plea post-sentence is a matter that rests within the sound discretion of the trial court.

_____

[7] Because we agree with the trial court that Appellant failed to present a fair and just reason to withdraw his guilty plea, we need not address whether the Commonwealth would have suffered prejudice if the court permitted Appellant to withdraw his plea.

[8] Appellant did not address the "manifest injustice" standard at any point in his brief. However, the standard was included in his post-sentence motion and argued at the hearing on said motion. Because we can readily discern the basis for Appellant's argument, we decline to find waiver. See Werner, 149 A.3d at 341.

> Moreover, a request to withdraw a guilty plea after sentencing is subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentence-testing devices. Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a manifest injustice. A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently.
>
> Once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing. Consequently, defendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements.

Culsoir, 209 A.3d at 437 (citations omitted and formatting altered).

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's plea is truly knowing and voluntary. Commonwealth v. Maddox, 300 A.2d 503, 504 (Pa. 1973) (citation omitted). "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." Commonwealth v. Reid, 117 A.3d 777, 782 (Pa. Super. 2015) (quotation marks and citations omitted); see also Pa.R.Crim.P. 590 cmt. (setting forth a non-exhaustive list of questions a trial judge should ask before accepting a plea).

Further, nothing in Rule 590 "precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." Commonwealth v. Bedell, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted). "In

determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." Hart, 174 A.3d at 665 (quotation marks and citation omitted).

Here, the trial court addressed Appellant's claim as follows:

In fact, in ascertaining if the plea of nolo contendere was voluntarily and understandingly tendered, this [c]ourt specifically asked [Appellant] whether any medication affected his ability to understand, to which [Appellant] answered, "No, sir." [Appellant] also indicated that he understood what he was doing, he was acting voluntarily, and no one forced him to enter a plea.

See Trial Ct. Op., 6/13/19, at 5 (record citations omitted).

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's post-sentence motion to withdraw his plea. See Culsoir, 209 A.3d at 437. Appellant indicated in his written plea colloquy that he suffered from PTSD and was on medication. See Written Plea Colloquy at 7 (unpaginated). However, during the oral plea colloquy, Appellant confirmed that his medication did not affect his ability to understand what he was doing. See N.T. Plea Hr'g at 4. Appellant is bound by his statements during the colloquy, which demonstrate that he knowingly entered his plea. See Pollard, 832 A.2d at 523; see also Willis, 68 A.3d at 1009 (holding that where defendant admitted during plea colloquy that he taking medication but "specifically denied the medication affected his abilities or

judgment" he could not later contradict those statements and argue his guilty plea was not knowing, voluntary, and intelligent).

Further, the totality of the circumstances surrounding the plea supports the trial court's conclusion that Appellant knowingly, voluntarily, and intelligently entered his plea. See Hart, 174 A.3d at 664. Appellant has failed to carry the burden of proving otherwise. See id. at 664-65.

In his final issue, Appellant challenges the discretionary aspects of his sentence. Appellant argues that his total sentence of twelve to thirty years' imprisonment for aggravated assault, consisting of two consecutive terms of seventy-two months to fifteen years of imprisonment, is excessive. Appellant's Brief at 30-40. Appellant contends that the trial court failed to adequately consider Appellant's rehabilitative needs as a mitigating factor. Id. at 30-36. Appellant also argues that the trial court erred when it improperly considered nolle prossed charges as a factor in fashioning Appellant's sentence. Id. at 36-40.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." Commonwealth v. Derry, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a

substantial question that the sentence is inappropriate under the sentencing code.

Commonwealth v. Corley, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted). We have explained that "[i]f a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." Commonwealth v. Karns, 50 A.3d 158, 166 (Pa. Super. 2012) (citation omitted).

Here, Appellant did not include a Rule 2119(f) statement in his brief, and the Commonwealth objected in its brief. See Commonwealth's Brief at 15. Appellant thereafter filed a petition for leave to amend appellant's brief seeking to add a section pursuant to Pa.R.A.P. 2119(f) to his brief. Appellant cites Commonwealth v. Gambal, 561 A.2d 710 (Pa. 1989), in support of his request to amend his brief. In Gambal, the Commonwealth did not object to the absence of the Pa.R.A.P. 2119(f) statement, and the Supreme Court held an appellate court may proceed with a determination of whether a substantial question was presented for review. Gambal, 561 A.2d at 712-13.

Here, Commonwealth objected to the absence of a Rule 2119(f) statement from Appellant's brief. Appellant's request for leave to amend his brief after the Commonwealth has objected to the defect does not save this

issue from waiver. Therefore, we are constrained to conclude that Appellant's sentencing issue is waived. See Karns, 50 A.3d at 166.[9]

_____

[9] Even if Appellant had not waived his claim, he would not be entitled to relief. Appellant raises two claims of error at sentencing: (1) the trial court failed to consider Appellant's rehabilitative needs as a mitigating factor and imposed an excessive sentence by running the sentences consecutively, and (2) the trial court improperly considered charges which had been nolle prossed as part of the plea agreement in imposing sentence. Appellant's Brief at 30-40. These claims raise a substantial question. See Commonwealth v. Raven, 97 A.3d 1244, 1253 (Pa. Super. 2014); Commonwealth v. Dodge, 77 A.3d 1263, 1274 (Pa. Super. 2013).

> Turning to the merits of Appellant's claim, we observe that
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Conte, 198 A.3d 1169, 1176 (Pa. Super. 2018) (citation omitted), appeal denied, 206 A.3d 1029 (Pa. 2019).

In his first claim, Appellant argues that the trial court did not give sufficient weight to his rehabilitative needs, i.e., his history of mental illness. "[W]here, as here, the sentencing court had the benefit of a pre-sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Commonwealth v. Rhoades, 8 A.3d 912, 919 (Pa. Super. 2010) (quotation marks and citation omitted). Reading the entire rationale of the trial court in sentencing Appellant, it is clear that the trial court considered a wide range of factors including the nature of the crimes, the fact there were multiple victims, the need for protection of the public, Appellant's mental health issues, and Appellant's demeanor in court. N.T. Sentencing Hr'g at 10-15. The trial court need not expressly address all mitigating circumstances presented, rather it

Judgment of sentence affirmed.    Petition for leave to amend brief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2020

---

is only required to state the reasons for the sentence imposed on the record. See Commonwealth v. Samuel, 102 A.3d 1001, 1007-08 (Pa. Super. 2014).

As for Appellant's second claim, i.e., the trial court inappropriately considered charges that had been nolle prossed, the record shows the trial court observed that the aggregate sentence it imposed was less than the total permissible sentence it could have been imposed if Appellant went to trial and was found guilty of all charges. N.T. Sentencing Hr'g at 13-14. Here, the trial court's passing reference to charges that were nolle prossed did not indicate that the court improperly relied on those charges to impose a harsher sentence. See Miller, 965 A.2d at 280. Therefore, no relief is due.