J-S21037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA ROBERT PORTER, | : | |
| | : | |
| Appellant | : | No. 1506 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 19, 2019
in the Court of Common Pleas of Bedford County
Criminal Division at No(s):  CP-05-CR-0000517-2018

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 21, 2020**

Joshua Porter ("Porter") appeals from the judgment of sentence imposed following his negotiated guilty plea to rape of a child, aggravated indecent assault, incest of a minor under 13 years old, indecent assault, corruption of minors, and indecent exposure.[1]  We affirm.

Porter was arrested following a report from his two minor daughters that Porter had engaged in repeated sexual contact with them between January 2017 and August 2018.  During a police interview on August 13, 2018, Porter confessed to the victims' allegations.  On April 29, 2019, Porter entered a negotiated guilty plea to the above-mentioned charges.  The trial court deferred sentencing for the preparation of a pre-sentence investigation report

---

[1]  18 Pa.C.S.A.  §§  3121(c),  3125(a)(7),  4302(b)(1),  3126(a)(7),
6301(a)(1)(ii), 3127(a).

("PSI"), and ordered Porter to undergo an assessment by the Sexual Offenders Assessment Board to determine whether Porter should be classified as a sexually violent predator.

On July 17, 2019, prior to the date scheduled for sentencing, Porter sent a *pro se* letter to the trial court, wherein he stated that he had entered his plea because he felt his attorney was not adequately representing him; he felt pressured into pleading guilty; and there was no physical or medical evidence to support the charges to which he pled guilty. Porter subsequently filed a counseled Motion to withdraw his guilty plea, averring that he did not knowingly, willingly, and voluntarily enter into his guilty plea, and requesting permission to withdraw the plea.

The trial court held a hearing on Porter's Motion on August 6, 2019. At the hearing, Porter testified as to why he believed that his plea was involuntary. The trial court took the matter under advisement in order to review the guilty plea transcript and colloquy. On September 3, 2019, the trial court conducted a second hearing. At that hearing, the trial court denied Porter's Motion on the basis of Porter's failure to demonstrate a fair and just reason to withdraw his guilty plea. On the same day, the trial court heard statements from one of the victims, the family's neighbor, and the victims' mother. At the conclusion of the hearing, the trial court sentenced Porter, in accordance with the plea agreement, to a term of eight to thirty years in prison. Porter filed a post-sentence Motion, which the trial court denied.

Porter filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b)

Concise Statement of matters complained of on appeal.

Porter raises the following issue for our review:

Whether the trial court erred when it committed an error of law or abuse of discretion when it denied [Porter's] Motion to withdraw his guilty plea[,] as [Porter] presented the trial court with a fair and just reason; specifically, a claim of innocence and a lack of a thorough investigation into the alleged victims' claims[] to support his request?

Brief for Appellant at 7 (capitalization changed).

Porter argues that the trial court erred in denying his Motion because he presented a fair and just reason for withdrawing his guilty plea. *Id.* at 12. Specifically, he claims that he is innocent of the crimes to which he pled guilty, that there was a lack of forensic medical examinations of the victims, and that the Pennsylvania State Police coerced his confession. *Id.* at 12-13.

Our standard of review regarding a defendant's request to withdraw a guilty plea prior to sentencing is well established:

"We review a trial court's ruling on a pre[-]sentence motion to withdraw a guilty plea for an abuse of discretion." ***Commonwealth v. Islas***, 156 A.3d 1185, 1187 (Pa. Super. 2017) (citation omitted). Pennsylvania Rule of Criminal Procedure 591(A) provides that, "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

"Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed." ***Commonwealth v. Kpou***, 153 A.3d 1020, 1022 (Pa. Super. 2016)[]. Therefore, if the defendant provides a fair and just

reason for wishing to withdraw his or her plea, the trial court should grant it unless it would substantially prejudice the Commonwealth. ***Commonwealth v. Carrasquillo***, [] 115 A.3d 1284, 1287 ([Pa.] 2015) (citation omitted).

***Commonwealth v. Williams***, 198 A.3d 1181, 1184 (Pa. Super. 2018).

The determination of whether there is a "fair and just reason" to withdraw a guilty plea is based on the totality of the circumstances present at the time the withdrawal request is made. ***Commonwealth v. Tennison***, 969 A.2d 572, 573 (Pa. Super. 2009). "[T]he proper inquiry on consideration of such a withdrawal motion is whether the accused as made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Carrasquillo***, 115 A.3d at 1292; *see also **Commonwealth v. Hvizda***, 116 A.3d 1103, 1107 (Pa. 2015) (reaffirming the ***Carrasquillo*** Court's holding that bald assertions of innocence are no longer sufficient grounds to permit withdrawal of a guilty plea). In determining whether a defendant has made a plausible assertion of innocence, trial courts should consider the timing and nature of the innocence claim, the relationship of that claim to the strength of the Commonwealth's evidence, and any ulterior or illicit motive for the motion to withdraw. ***Islas***, 156 A.3d at 1190-91 (Pa. Super. 2017); Further,

> [c]onsistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

***Commonwealth v. Norton***, 201 A.3d 112, 121 (Pa. 2019).

Here, the trial court stated the following on the record:

All right. So, I reviewed the transcript from the plea hearing and then, again, my notes from the testimony. As I understand it[, Porter's] Motion to [w]ithdraw the [p]lea is really based on … his averment now that he is not guilty, and he's innocent of the charges.

In support of that, he testified that … he brought to his attorney's attention that there was a lack of medical forensics in the case. That there was no testing done on the alleged victim, no clinical testing done, and that he would want that done. He did admit in his testimony that he knew that prior to entering the plea.

Then the second supporting testimony that he gave that he is innocent of the charges[,] that he believes that the … interview with the Pennsylvania State Trooper in the case in which he gave, to my understanding, an admission to the crimes, is that the trooper allegedly threatened him[, and] that if he didn't confess, that would make the victim in the case commit suicide. Again, he admitted that he knew this prior to the plea.

Now on both of those counts[,] I do not … the standard here is if he has a fair and just reason. The fair and just reason can be a claim of innocence to the offense. I don't find his claim of innocence to the offense to be credible in the case. It was brought up during the PSI interview process … late after he had already entered the plea. I reviewed the plea hearing transcript. He [] makes no remarks in regards to [his claims of medical testing or being coerced into a confession.]

In fact[,] during the plea process, he had no questions, whatsoever. He clearly understood what he was pleading guilty to. I asked him if he had any questions on several occasions. He did not. He admitted to the allegation in the case. So, I just don't find it to be a credible basis to, or a fair and just reason to withdraw his plea because I don't find his claim of innocence to be credible at this point.

It[,] rather[,] suggests to me that he just wants to re-negotiate the case, which I don't think is a fair and just reason to do that[,] especially given what the considerations are in this type

- 5 -

of case where there are child victims that understood the case to be essentially finished, and then we'll have to re-open it. So, I just don't find it to be a fair and just reason because I do not find him to be credible. All right. So I am going to deny the Motion to [w]ithdraw the [p]lea.

N.T. (Sentencing), 9/3/19, at 3-4 (some paragraphs combined).

The trial court's findings are supported in the record. *See* N.T. (Guilty Plea), 4/29/19, at 2-8 (wherein Porter is questioned by the trial court about whether his plea is being tendered knowingly, understandingly, and willingly; and Porter states that his admission of guilt is truthful and accurate, that he is aware of the consequences of pleading guilty, and that he has no other questions about the plea or sentencing process). We conclude that the trial court's legal conclusions are sound, and we agree with its determination that Porter's claim offered little more than a bare assertion of his innocence, and that such an assertion does not constitute a fair and just reason for withdrawal. *See Norton*, 201 A.3d at 121 (stating that the appellant's request to withdraw his plea failed when "any vulnerability in the Commonwealth's evidence, specifically [the v]ictim's testimony, was well known to [a]ppellant prior to him entering his plea."); *Commonwealth v. Myers*, 722 A.2d 649, 652 (Pa. 1998) (explaining that, "when appellate review involves the trial court's findings of fact and credibility determinations,

those findings are binding on the reviewing court if they find support in the record").[2]

Accordingly, we conclude that the trial court did not err or abuse its discretion in refusing to grant Porter's Motion to withdraw his guilty plea.[3]

Judgment of sentence affirmed.

_____

[2] We emphasize, as the **Carrasquillo** Court did, that while the policy of liberality in permitting pre-sentence withdrawals of guilty pleas remains, we cannot conclude from the record that the trial court abused its discretion in this narrow circumstance where the trial court's credibility findings regarding Porter's claim of innocence are supported by evidence in the record, and where Porter was well-versed on the evidence and circumstances surrounding his arrest when he entered his plea. **See Norton**, **supra**.

[3] At sentencing, the trial court indicated that it considered the potential impact of re-opening the case on Porter's victims in evaluating Porter's Motion. N.T. (Sentencing), 9/3/19, at 4. We note that consideration of the trauma placed on victims is not sufficient to substantiate a claim of substantial prejudice on the Commonwealth, as "prejudice is about the Commonwealth's ability to try its case, not about the personal inconvenience to complainants[,] unless that inconvenience somehow impairs the Commonwealth's prosecution." **Commonwealth v. Gordy**, 73 A.3d 620, 624 (Pa. Super. 2013). In this case, the Commonwealth provided no indication that the victims would be unwilling or unable to participate in an eventual trial if Porter's Motion had been granted. The transcript of the sentencing hearing is unclear as to whether the trial court considered the impact on the victims as substantially prejudicial for the Commonwealth if it reopened the plea. However, because we agree with the trial court's ultimate determination that Porter did not provide a fair and just reason to withdraw his plea, we affirm the trial court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2020